STANLEY SWEET, an Infant, by BESSIE E. SWEET, His Guardian ad Litem, Appellant, *v.* BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 9 OF THE TOWN OF LENOX, Respondent.

Argued January 4, 1943; decided March 4, 1943.

74

*Nelson L. Neidhardt* and *Clarence E. Conley* for appellant.

*William F. Santry* for respondent.

CONWAY, J. This is an action to recover damages for personal injuries sustained by an infant schoolboy when he fell through a skylight in the defendant's school building while he was engaged in placing a cover over the skylight. Defendant moved under rules 106 and 107 of Rules of Civil Practice for an order dismissing the complaint on the ground that plaintiff's only remedy, as an employee of defendant, was under Workmen's Compensation Law and thus the court had no jurisdiction of the subject-matter of the action.

Plaintiff was one of several students in Canastota High School who had been approved as eligible for part-time employment under the National Youth Administration program. That was a program originally initiated under Executive Order of the President of the United States, No. 7086 of June 26, 1935, and made a part of the Works Progress Administration.

The plaintiff was to receive wages at the rate of thirty cents an hour. On January 31, 1941, he reported for work at 7 A. M. and worked until the time of the accident. At about 9 A. M. on that day, one of the teachers requested the janitor to place a cloth over the skylight of the auditorium. This the janitor reported that he was unable to do. Thereafter the principal of the school, one McLean, directed the janitor to have the cloth placed over the skylight by the infant plaintiff and another student who had also been approved as eligible for part-time employment under the N. Y. A. program. While plaintiff was proceeding across the skylight it gave way beneath him and he fell to the floor of the auditorium fifteen feet below.

The N. Y. A. program is devised to provide part-time employment for needy students in order that they may continue their education. Under the program the State Youth Administrator is authorized to appoint an official in each participating school

to supervise the program. Such institutional appointee is notified of the action of the administrator by a "letter of appointment" and he must thereupon take an oath of allegiance. He is required also to sign a signature card in which he is designated as "official representative authorized to sign time report transmittal." A plan of work is prepared by the school and approved by N. Y. A. Any basic deviations from the work plan must be approved by N. Y. A. The maximum hours of work for a student are four hours per day on school days and seven hours per day on non-school days. The monthly pay of a high school student is a maximum of six dollars and a minimum of three dollars based on the rate of pay prevailing in the community for the same type of work.

In this instance the principal of the high school was the local representative of N. Y. A. and the person in charge of student work. The principal assigned the plaintiff to the janitor of the school, who was an employee of the defendant, and instructed him to perform work under the janitor's direction. Prior to his injury, plaintiff had worked on January 30th and 31st for three and one-half hours. The principal reported that fact to N. Y. A. and thereafter a check was drawn by the Treasurer of the United States for the sum of $1.05 and forwarded to plaintiff.

It is the plaintiff's contention that at the time he was injured he was an employee of N.Y.A., one of the agencies of the Federal Government, and not of the defendant. In this we think he is clearly correct. The defendant had no power or authority to appoint or engage N.Y.A. student employees. That was done by the State Administrator of N.Y.A.

The only *local* person who had authority in N.Y.A. affairs was the principal McLean. That authority was exercised by the principal, not as an agent of defendant, but as the designated official representative of N.Y.A. Nor was the defendant a special employer of the plaintiff. There was no contractual relation between them. The defendant exercised no direction or control over the plaintiff who was subject only to the rules and regulations of N.Y.A. and to such directions as might be given by the official representative thereof. The defendant paid no wages to the plaintiff and was without power to discharge him from his N.Y.A. employment. Plaintiff could not be a special employee of defendant unless his general employer had relin-

quished direction and control over him and that had not been done by N.Y.A. The plaintiff had not been loaned as an employee to defendant. On the contrary the principal of the school had been loaned to N.Y.A. as a special employee.

Moreover, the plaintiff was engaged on a work relief project which was not local, but Federal. It was made-work for the benefit of those in need of assistance. In such a situation as here disclosed there is never any transfer of employment from the Federal agency to the local entity. That is true even though such entity contribute a part of the money used to pay the workers, or exercise some authority and control over the workers or furnish part of the materials with which and the sites upon which the work is done. In the instant case the defendant was without power to exercise authority over the workers and made no contribution of wages so that the cases go much further than it is necessary to go here. (*Hoover* v. *Independent School District of Shenandoah,* 220 Iowa 1364; *Taylor* v. *City of Los Angeles,* 29 Cal. App. [2nd] 181; *Matter of Moore,* 187 N. E. 219; *City of Los Angeles* v. *Industrial Accident Comm.,* 9 Cal. [2nd] 705; *Todaro* v. *City of Shreveport,* 170 So. 356; *State ex rel. State Board of Charities* v. *Nevada Industrial Comm.,* 55 Nev. 343; *Shelton* v. *City of Greeneville,* 169 Tenn. 366; *Washington* v. *Sewerage & Water Board* [*La.*], 180 So. 199; *Jackson* v. *North Carolina Emergency Relief Administration,* 206 N. C. 274.) The case of *Forest Preserve District* v. *Industrial Comm.,* (357 Ill. 389), is not to the contrary since there the State relief agency turned the work over to the Forest Preserve District, another State agency, without reserving any control over the workers.

The judgment of the Appellate Division should be reversed and the order of Special Term affirmed with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and DESMOND, JJ., concur.

Judgment accordingly.