OPINION OF THE COURT
Bellacosa, J.
The issue on this appeal in a summary judgment setting is whether plaintiff Thompson, a general employee of Applied Transportation Service (ATS), was properly determined to be a special employee of Grumman Aerospace Corp. (Grumman) as a matter of law. If so, Thompson’s instant common-law action against Grumman is barred because of the exclusive workers’ compensation benefits Thompson received from ATS. The uncontroverted record supports Grumman’s assertion that from the time Thompson was assigned to work exclusively at its plant until his accident one year later, Grumman exerted comprehensive control over every facet of his work. The Appellate Division correctly determined that Thompson was a special employee of Grumman. We therefore affirm the order granting summary judgment to defendant Grumman on its affirmative defense of workers’ compensation.
Thompson, an experienced sheet metal mechanic, was recruited and hired by ATS in January 1986 to work at defendant Grumman pursuant to a "Purchase Order” agreement between ATS and Grumman. Under that agreement, ATS recruited and provided trained, experienced candidates for employment at Grumman’s Bethpage Operations Center to meet the job descriptions and specifications furnished in advance by Grumman. ATS submitted resumes of qualified applicants to Grumman representatives for consideration; Grumman had the right to interview the candidates and to make the "final selection”. Grumman fixed the hourly wages and benefits; ATS provided Thompson’s paycheck, carried workers’ compensation, liability and unemployment insurance, and withheld Social Security. ATS billed Grumman for labor at a base rate multiplied by a factor which included all ATS costs for "labor, overhead and profit”. Only Grumman could terminate Thompson’s assignment to its facility. ATS was precluded from substituting, reassigning or removing person *556 nel selected by and assigned to work at Grumman. Grumman also had the right to hire, "on a direct basis” and without ATS’s consent, ATS employees assigned to work at Grumman, subject to limitations not pertinent here.
It is uncontroverted that Thompson performed work exclusively for Grumman at its Bethpage facility from the time he was recruited and hired by ATS for Grumman until his injury approximately one year later. He reported daily to a Grumman supervisor, Dan Schmidt, who assigned, supervised, instructed, oversaw, monitored and directed his work duties on a daily basis. Thompson acknowledged Schmidt as his "supervisor”. While the ATS Director of Personnel delivered Thompson’s paycheck each week and "commented” on his job performance, there were no ATS supervisory personnel assigned to or present at the Grumman jobsite.
After he was injured, Thompson filed for and received workers’ compensation benefits based on his employment with ATS. He then commenced this negligence action against Grumman. Grumman asserted as an affirmative defense in its answer and, after discovery, in its motion for summary judgment, that Thompson was its special employee and that his acceptance of workers’ compensation benefits barred this action. Plaintiff cross-moved to dismiss that workers’ compensation affirmative defense.
Supreme Court denied Grumman’s motion and granted Thompson’s cross motion, finding as a matter of law that Thompson was an employee of ATS only and was not a special employee of Grumman. That decision was based on language in the ATS-Grumman contract which provided that "[a]ll persons employed by [ATS] and assigned to work under any Purchase Order shall at all times be employees of [ATS] and not of Grumman.”
The Appellate Division unanimously reversed, concluding as a matter of law that Thompson was in the special employ of Grumman when he was injured (166 AD2d 578). The court reasoned that while the issue of special employment status is generally one of fact, the indicia of special employment in this case — including Grumman’s comprehensive and exclusive daily control of Thompson’s work — established his special employee status. This Court granted leave to appeal to Thompson.
Thompson claims that the ATS-Grumman contract makes him an employee of ATS only. Alternatively, he urges that, at *557 the very least, he raised a question of fact as to his special employment status with Grumman.
We have consistently found as a general proposition that a general employee of one employer may also be in the special employ of another, notwithstanding the general employer’s responsibility for payment of wages and for maintaining workers’ compensation and other employee benefits (Stone v Bigley Bros., 309 NY 132; Irwin v Klein, 271 NY 477; Murray v Union Ry. Co., 229 NY 110, 112-113; Matter of Schweitzer v Thompson & Norris Co., 229 NY 97, 99; see also, Cameli v Pace Univ., 131 AD2d 419, 420). A special employee is described as one who is transferred for a limited time of whatever duration to the service of another (Brooks v Chemical Leaman Tank Lines, 71 AD2d 405, 407). General employment is presumed to continue, but this presumption is overcome upon clear demonstration of surrender of control by the general employer and assumption of control by the special employer (Stone v Bigley Bros., supra, at 140-143 [and cases cited therein]; Sweet v Board of Educ., 290 NY 73, 76-77; Irwin v Klein, supra, at 484-485; Ramsey v New York Cent. R. R. Co., 269 NY 219, 224).
We recognize that a person’s categorization as a special employee is usually a question of fact (Stone v Bigley Bros., supra; Irwin v Klein, supra, at 486-487; Wawrzonek v Central Hudson Gas & Elec. Corp., 276 NY 412, 419; Ramsey v New York Cent. R. R. Co., supra; Braxton v Mendelson, 233 NY 122). These cases usually involve arrangements under which a general employer performed work and provided services for another business and, in the course of doing so, an employee and equipment of the general employer were necessarily used and temporarily assigned to work for that business. These lent employee cases, not surprisingly, rest on their particular facts. They do not create a per se rule that a question of fact always exists in these cases. They do not require that the question of special employment inevitably go to a jury. That is true here where, combined with other indicia of special employment, the uncontroverted record documents an employer’s comprehensive and exclusive daily control over and direction of the special employee’s work duties for almost a full year with the corresponding complete absence of any supervision or control of his work duties by the originating general employer.
Indeed, though recognized as an exception to the general approach and analysis, we have held that the determination of *558 special employment status may be made as a matter of law where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact (Sweet v Board of Educ., 290 NY, at 76, supra; Irwin v Klein, 271 NY, at 487, supra; Ramsey v New York Cent. R. R. Co., 269 NY, at 223-224, supra; Charles v Barrett, 233 NY 127, 129; Murray v Union Ry. Co., 229 NY, at 112, supra; see also, Delisa v Arthur F. Schmidt, Inc., 285 NY 314, 320; Fallone v Misericordia Hosp., 23 AD2d 222, 227, affd without opn 17 NY2d 648; Richiusa v Kahn Lbr. & Millwork Co., 148 AD2d 690, 692; Cameli v Pace Univ., 131 AD2d, at 420, supra; Doboshinski v Fuji Bank, 78 AD2d 537, 538; Brooks v Chemical Leaman Tank Lines, 71 AD2d, at 407, supra). Thus, we have never held that the issue of special employment must always be submitted to a fact finder where the undisputed facts establish that the general employer was performing no work for the special employer and did not retain control over the special employee. This, when combined with other factors, allows a determination of special employment status as a matter of law (compare, Andre v Pomeroy, 35 NY2d 361).
Many factors are weighed in deciding whether a special employment relationship exists, and generally no one is decisive (Braxton v Mendelson, 233 NY 122, 124, supra). While not determinative, a significant and weighty feature has emerged that focuses on who controls and directs the manner, details and ultimate result of the employee’s work (Stone v Bigley Bros., 309 NY 132, supra; Sweet v Board of Educ., 290 NY 73, 76-77, supra; Irwin v Klein, 271 NY 477, 484, supra; Ramsey v New York Cent. R. R. Co., 269 NY 219, 224, supra; Wawrzonek v Central Hudson Gas & Elec. Corp., 276 NY 412, 419, supra; Wyllie v Palmer, 137 NY 248, 257).
The record in this case is uncontroverted in that respect and supports the conclusion that Thompson was Grumman’s special employee. Although ATS was responsible for Thompson’s paychecks and employee benefits, all essential, locational and commonly recognizable components of the work relationship were between Thompson and Grumman. As soon as ATS hired Thompson, it permanently assigned him exclusively to Grumman’s plant on a full-time basis for the entire year prior to the work-related accident at Grumman’s facility. Thompson considered a Grumman supervisor to be his boss and he knowingly accepted the terms of his exclusive work at Grumman; thus, he was aware of and consented to his special employee status (1C Larson, Workers’] Compensation Law *559 §§ 48.15, 48.16; see also, Murray v Union Ry. Co., 229 NY 110, 112-113, supra). He reported daily to this Grumman supervisor only, who regularly directed, instructed, assigned, supervised and controlled his work duties. The work Thompson performed was solely in furtherance of Grumman’s business at its facility. He was recruited and hired by ATS solely to meet Grumman’s specified employee needs. He could not be reassigned by ATS and his assignment to Grumman could be terminated only by Grumman. In no respect could it be said that ATS itself was performing Grumman’s work or had any direct control, knowledge or expertise with respect to the labor Thompson was performing for Grumman (see, McNamara v Leipzig, 227 NY 291, 295). Rather, ATS surrendered direction and control over Thompson to Grumman to perform the latter’s work, and Grumman assumed and exercised that exclusive control (Sweet v Board of Educ., 290 NY 73, 76-77, supra; see also, Delisa v Arthur F. Schmidt, Inc., 285 NY 314, 319-320, supra; McNamara v Leipzig, supra).
Plaintiffs motion papers fail to raise any material, disputable fact. The only conclusion that may reasonably be reached on this record is that Grumman was, at the operative time, the special employer of Thompson. The indicia of special employment in this particular case convincingly and as a matter of law support the Appellate Division analysis and order.
While the ATS-Grumman contract provides that ATS is to be considered Thompson’s employer, that provision alone is insufficient to establish as a matter of law that Thompson was not also a special employee of Grumman. Moreover, in the context of this record, it fails to raise a question of fact as to his special employment status, as Thompson contends and the trial court concluded. First, we note that while this issue may in some cases turn on the terms of a written contract (see, Braxton v Mendelson, 233 NY 122, 124-125, supra), the ATS-Grumman contract is silent on and does not purport to define or resolve the issue of Thompson’s special employment status, generally or with respect to workers’ compensation benefits or consequences (compare, Wawrzonek v Central Hudson Gas & Elec. Corp., 276 NY 412, 416-420, supra). Second, Thompson was not a party to that contract. Thus, the question whether the workers’ compensation benefits Thompson received bar this negligence action is not resolved on that independent contract basis (see, Matter of Morton [Miller], 284 NY 167, 175). While employers certainly may contract as between *560 themselves to define their business relationships and accomplish their business objectives, an agreement between the employers may not be determinative of the issue of special employment. The agreement involved here is not determinative of that issue and does not displace judicial assessment of the employee’s actual relationship with Grumman to ascertain the special employment status for workers’ compensation purposes and consequences.
Therefore, Thompson’s receipt of workers’ compensation benefits as an employee of ATS is his exclusive remedy and he is barred from bringing this negligence action against Grumman (Workers’ Compensation Law §§ 11, 29 [6]; Burlew v American Mut. Ins. Co., 63 NY2d 412, 416; Werner v State of New York, 53 NY2d 346; Fallone v Misericordia Hosp., 23 AD2d 222, affd without opn 17 NY2d 648, supra).
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order affirmed, with costs.