■ LAWRENCE D. GADLEY, Respondent, v U.S. SUGAR COM-PANY, INC., Appellant. [620 NYS2d 632] —Order affirmed without costs. Memorandum: Plaintiff and other general employees of E.G.W. Temporaries, Inc. (EGW), were assigned to replace striking workers at a U.S. Sugar Company, Inc. (U.S. Sugar) plant. Plaintiff was injured when his hand was caught in a bag making machine. He received workers' compensation benefits as an employee of EGW and commenced this action against U.S. Sugar Co., asserting causes of action for common-law negligence and a violation of Labor Law § 200. U.S. Sugar asserted the affirmative defense that plaintiff was its special employee and that workers' compensation benefits were plaintiff's exclusive remedy (see, Workers' Compensation Law § 29 [6]).

In support of its motion for summary judgment, U.S. Sugar submitted an affidavit of counsel and an affidavit of James Bonerb, its vice-president. Bonerb averred that plaintiff was trained by the plant manager and supervised by U.S. Sugar employees. In opposition to U.S. Sugar's motion, plaintiff submitted an affidavit averring that he was employed by EGW and assigned to work at U.S. Sugar; that he was not trained or supervised by the plant manager; and that he was taught to use the bag making machine by Carl Funderburk, a fellow employee of EGW. He also submitted the affidavit of Funderburk, who averred that he was an employee of EGW and that he instructed and trained plaintiff on the use of the machine. Supreme Court properly denied U.S. Sugar's motion.

"A special employee is described as one who is transferred for a limited time of whatever duration to the service of another" (Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557; see, Brooks v Chemical Leaman Tank Lines, 71 AD2d 405, 407). General employment is presumed to continue, but that presumption may be overcome by a clear demonstration of surrender of control by the general employer and assumption of control by the special employer (Thompson v Grumman Aerospace Corp., supra; Stone v Bigley Bros., 309 NY 132, 140-143; Sweet v Board of Educ., 290 NY 73, 76-77). Whether a person is a special employee is usually a question of fact (Thompson v Grumman Aerospace Corp., supra; Stone v Bigley Bros., supra; Irwin v Klein, 271 NY 477, 484-485).

Bonerb's affidavit is insufficient as a matter of law to sustain U.S. Sugar's burden of establishing entitlement to summary judgment. Bonerb does not aver that he trained, supervised, or directed plaintiff and does not state the basis

for his belief or the source of his knowledge that the plant manager did so. Thus, construing the evidence in the light most favorable to the non-moving party *(see, Weiss v Garfield,* 21 AD2d 156, 158; Siegel, NY Prac § 281, at 411 [2d ed]), we conclude that U.S. Sugar's motion was properly denied. In any event, plaintiff averred that the plant manager did not train him or supervise his work. In view of the conflicting affidavits, the dissent errs in concluding that "the record clearly establishes that U.S. Sugar had sole and complete control and direction over the performance of work by plaintiff and other EGW replacement workers."

All concur except Balio and Boehm, JJ., who dissent and vote to reverse in the following Memorandum.

Balio and Boehm, JJ. (dissenting). We respectfully dissent. The undisputed facts reveal that no EGW representative was present at the U.S. Sugar plant while its replacement workers were there; that plaintiff reported each day to an employee of U.S. Sugar, who told him where he was to work; and that an employee of U.S. Sugar directed plaintiff to work on the bag-making machine. Further, the affidavit of a fellow EGW replacement worker named Carl Funderburk, who had been instructed, trained and supervised on the use of the machine by U.S. Sugar employees, unequivocally shows that, while acting as a special employee of U.S. Sugar, Funderburk instructed plaintiff on the use of the machine.

We disagree with the majority's assessment of the evidentiary value of the affidavit of James Bonerb. That affidavit reflects that Bonerb, in addition to serving as a vice-president of U.S. Sugar, is the person in charge of the U.S. Sugar plant in Buffalo. There is no evidence in this record that Bonerb lacks first-hand knowledge of the facts stated in his affidavit. Moreover, plaintiff has not asserted that Bonerb lacks personal knowledge of the facts or that his affidavit is insufficient to satisfy defendant's initial burden on a summary judgment motion. Plaintiff contends that the evidence he has submitted in opposition to the motion is sufficient to raise a factual issue.

Although EGW paid plaintiff's salary and provided employee benefits, including workers' compensation coverage, the work was performed for the sole benefit of U.S. Sugar. The record clearly establishes that U.S. Sugar had sole and complete control and direction over the performance of work by plaintiff and other EGW replacement workers. Under the circumstances, as a matter of law, plaintiff was a special employee of U.S. Sugar and the exclusive remedy of worker's

compensation benefits constitutes a bar to this action *(see, Thompson v Grumman Aerospace Corp.,* 78 NY2d 553; *Jeffords v Professional Bldrs./Remodelers Group,* 186 AD2d 989; *Lesanti v Harmac Indus.,* 175 AD2d 664). Thus, we would grant U.S. Sugar's motion for summary judgment. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Callahan and Boehm, JJ.