■ DWIGHT MCCULLOUGH et al., Respondents, v UNITED PARCEL SERVICE, INC., Appellant. (And a Third-Party Action.) [658 NYS2d 1017] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County

(Feuerstein, J.), entered September 16, 1996, as denied that branch of its motion which was for summary judgment dismissing the complaint, and, upon granting that branch of its motion which was to amend its answer, directed it to pay to the plaintiffs $2,500 in costs for the delay in requesting such relief.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment and substituting therefor provisions granting the motion and dismissing the complaint; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

While the question of whether a special employment relationship exists is typically an issue of fact, the determination may, in appropriate circumstances, be made as a matter of law *(see, Thompson v Grumman Aerospace Corp.,* 78 NY2d 553). Upon our review of the record, we find, as a matter of law, that given the indicia of control and supervision over the injured plaintiff, Dwight McCullough, by the defendant, the injured plaintiff was a special employee of the defendant. Thus, since the injured plaintiff received Workers' Compensation benefits from his general employer, the defendant's motion for summary judgment should have been granted *(see, Thompson v Grumman Aerospace Corp., supra).*

However, the Supreme Court did not improvidently exercise its discretion in imposing $2,500 in costs against the defendant for its lengthy delay in moving to amend its answer to include the exclusive remedy of Workers' Compensation *(see,* CPLR 3025 [b]). Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.