■ HOST MARRIOTT CORPORATION, Respondent, v BETH ISRAEL NORTH, Appellant. [683 NYS2d 82] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered June 30, 1997, which, insofar as appealed from, denied defendant's motion to dismiss plaintiff's causes of action for contractual indemnification and common-law contribution for

failure to state a cause of action, unanimously affirmed, without costs.

The motion was properly denied in view of the parties' contract providing for mutual indemnification, and plaintiff's allegations that defendant not only refused plaintiff's offer to participate in the defense of the underlying action that culminated in a judgment against plaintiff after trial, but also never made known to plaintiff the defense it could have raised in the underlying action (*see, Feuer v Menkes Feuer, Inc.*, 8 AD2d 294, 298-299; *Oceanic Steam Nav. Co. v Campania Transatlantica Espanola*, 144 NY 663, 665). That defense was that the underlying plaintiff, assertedly a general employee of defendant and a special employee of plaintiff, had received Workers' Compensation benefits as defendant's employee (*see, Thompson v Grumman Aerospace Corp.*, 78 NY2d 553). We reject defendant's argument, based on the fact that plaintiff did not notify it of the underlying action in Federal court until almost two months after plaintiff had served its answer therein, that a motion by plaintiff in the underlying action to amend its answer so as to assert the Workers' Compensation Law defense would have been denied as untimely. Federal practice, similar to State practice, requires that leave to amend a pleading "be freely given when justice so requires", i.e., in the absence of undue delay, bad faith or undue prejudice (Fed Rules of Civ Pro, rule 15 [a]; *Thomas v New York City*, 814 F Supp 1139, 1145; *Roloff v Arabian Am. Oil Co.*, 421 F2d 240, 241-242). We have considered defendant's remaining arguments and find them to be unavailing. Concur—Sullivan, J. P., Rosenberger, Williams and Saxe, JJ.