THIRD DEPARTMENT, SEPTEMBER, 2002

(September 5, 2002)

KRYZSTOF SZYMANSKI et al., Appellants, v ARAMARK FACILITY SERVICES, INC., Respondent. [747 NYS2d 123] —Crew III, J.

In August 1997, plaintiff Kryzstof Szymanski allegedly sustained certain injuries while assisting in the repair of a commercial air conditioning unit on the campus of the College of St. Rose in Albany County. At the time of this incident, Szymanski was a general employee of the College, and defendant provided, inter alia, maintenance services at the College. Thereafter, Szymanski and his spouse, derivatively, commenced this negligence action against defendant seeking to recover for various injuries. Defendant answered and asserted that Szymanski was a "special employee" of defendant at the time of the accident and, as such, the Workers' Compensation Law provided Szymanski's exclusive remedy. Following discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion, prompting this appeal by plaintiffs.

We affirm. The case law makes clear that a general employee whose wages and benefits are provided by one employer nonetheless may be deemed to be a special employee of another under certain circumstances (see *Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557). There is, however, a presumption of general employment that may be overcome only by a clear showing that the general employer has surrendered control over the worker and such control, in turn, has been assumed by the special employer (see *id.* at 557).

Here, notwithstanding evidence that Szymanski occasionally may have performed plumbing services on an emergency basis at the request of College employees or students, the fact remains that he reported each day to his direct supervisor, one of defendant's employees, and received his assignments from such supervisor. The record further reflects that during defendant's daily shift, the College surrendered control of and direction over Szymanski's work duties and such control, in turn, was assumed by defendant, which supervised and directed the manner, details and ultimate result of Szymanski's work, including the work that he was performing on the day of the accident (see *id.* at 557-558; *Lane v Fisher Park Lane Co.*, 276 AD2d 136, 140; *Gannon v JWP Forest Elec. Corp.*, 275 AD2d 231, 232-233). Such proof, in our view, is not only sufficient to overcome the presumption of general employment but demonstrates, as a matter of law, that there are no material issues of fact requiring a trial. Accordingly, Supreme Court's order is affirmed.

Cardona, P.J., Spain and Rose, JJ., concur.

Lahtinen, J. (dissenting). I respectfully dissent. The issue of whether a general employee of one employer has become a

special employee of another employer is usually factual in nature (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557; *Matthews v Town of Morristown*, 286 AD2d 535, 536; *Jaynes v County of Chemung*, 271 AD2d 928, *lv denied* 95 NY2d 762) and, when the issue is presented within the context of a summary judgment motion, all evidence must be construed in the light most favorable to the opponent of the motion (*see Tufano v Morris*, 286 AD2d 531, 533; *Walton v Albany Community Dev. Agency*, 279 AD2d 93, 95). While the record contains evidence of considerable control by defendant over plaintiff Kryzstof Szymanski prior to the accident, I do not believe all material factual issues have been extinguished. Szymanski testified at his examination before trial that he sometimes received calls to repair certain items directly from various individuals affiliated with the College, including security personnel, housekeepers, professors and students. He responded to the calls and attempted to fix the problems. He did not always receive prior authorization from defendant to engage in such work and, prior to the accident, he was not required to report all such work to defendant. Additionally, Szymanski testified that he reported to both the College and defendant, but stated that when he encountered a "dangerous situation" in the course of his work, he reported the situation to an employee of the College. In light of such evidence, the determination of the issue regarding the employment relationship should be left to the factfinder following a trial. Ordered that the order is affirmed, with costs.