In an action to recover damages for personal injuries, etc., the defendant Hudson Management appeals from so much of an order of the Supreme Court, Queens County (Milano, J.), dated June 21, 2002, as, upon renewal, denied its motion for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is affirmed insofar as appealed from, with costs.
The Supreme Court properly denied the appellant’s motion, upon renewal, for summary judgment dismissing the complaint insofar as asserted against it. “A special employee is described as one who is transferred for a limited time of whatever duration to the service of another” (Thompson v Grumman Aerospace Corp. 78 NY2d 553, 557). While there are many factors to consider in determining whether a special employment relationship exists, the key factor is the right to direct the work and exercise control over the employee (cf. Thompson v Grumman Aerospace Corp., supra; Cameli v Pace Univ., 131 AD2d 419, 420 [1987]). The appellant demonstrated its prima facie entitlement to judgment as a matter of law by showing that the injured plaintiffs employer controlled the alleged special employee. In opposition, however, the plaintiffs raised triable issues of fact as to such control.
In view of the foregoing, we need not reach the parties’ remaining contentions. Altman, J.P., Smith, Friedmann and Crane, JJ., concur.