■ DARYA DONNELLY, Appellant-Respondent, v THE TREELINE COMPANIES et al., Respondents-Appellants, and COMMERCIAL BUILDING MAINTENANCE CORP., Appellant-Respondent. (And Other Actions.). [785 NYS2d 691]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered September 9, 2003, which denied plaintiff's motion for partial summary judgment on the issue of liability against defendant Treeline, denied defendant Commercial's motion for dismissal of all claims against it, denied Treeline's motion for dismissal of plaintiff's common-law negligence claim against it and for summary judgment on its indemnification claims against third-party defendant Republic Elevator, and dismissed plaintiff's Labor Law § 241 (6) cause of action against Treeline, unanimously affirmed, without costs.

Since the accident resulting in the death of plaintiff's decedent, which occurred during repair of an elevator owned, operated and maintained by defendants, did not occur in the context of construction, demolition or excavation, the claim under Labor Law § 241 (6) is precluded (*Nagel v D & R Realty Corp.*, 99 NY2d 98 [2002]; *see also Peluso v 69 Tiemann Owners Corp.*, 301 AD2d 360 [2003]). We find no grounds to disturb the

motion court's determination that material issues of fact preclude granting any party summary judgment, especially regarding the proximate cause of the accident, which is quintessentially a factual issue (*Wagner v Grinnell Hous. Dev. Fund Corp.*, 297 AD2d 226, 228 [2002], *affd* 99 NY2d 574 [2003]), whether the buttons in the elevator pit were properly marked, whether the owner had actual notice of the alleged defect, and whether plaintiff's decedent assumed the inherent risk of directing someone to lower an elevator car under which he was working. We also find that the managing agent failed to overcome the presumption of general employment by a clear demonstration that it had surrendered control to the special employer, Republic (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]; *see also Szymanski v Aramark Facility Servs.*, 297 AD2d 829 [2002], *lv denied* 99 NY2d 503 [2002]). Other issues precluding dismissal of the action against Commercial include whether the concierge, employed by Commercial and stationed in the lobby at the time of the accident, was negligent in causing the elevator to fall into the pit area where plaintiff's decedent was working.

Summary judgment on Treeline's cross claim for contractual indemnification against Republic was properly denied since the existence of such a contract in effect at the time of the accident has not been proven. Indemnification based on common law depends on a showing that Treeline's liability, if any, arose only vicariously, and that the accident was caused directly by Republic's negligence (*see Mas v Two Bridges Assoc.*, 75 NY2d 680 [1990]; *see also Buccini v 1568 Broadway Assoc.*, 250 AD2d 466 [1998]; *Sheridan v Beaver Tower*, 229 AD2d 302, 304 [1996], *lv dismissed* 89 NY2d 860 [1996]; *Camaj v East 52nd Partners*, 215 AD2d 150 [1995]). Given our finding that issues of fact exist as to Commercial's negligence in causing plaintiff's decedent's death, summary judgment as to the common-law indemnification claim is premature. Concur—Buckley, P.J., Andrias, Sullivan, Ellerin and Williams, JJ.