OPINION OF THE COURT
Martin Schneier, J.
This is an action to recover damages for personal injuries sustained by plaintiff Donald James in a workplace accident on January 13, 2004. Defendants Merja Associates, LLC, RW 930 Flushing, LLC, and Read Property Group, LLC move pursuant to CPLR 3212 for summary judgment dismissing the complaint on the grounds that plaintiffs action is barred by the exclusivity provisions of the Workers’ Compensation Law and for summary judgment on their cross claims against defendant F & V Distribution Company, LLC for common-law and contractual indemnification.
Previously, by order dated July 11, 2008, the plaintiffs motion for summary judgment pursuant to Labor Law § 240 (1) was granted subject to the determination of this motion and F & V’s motion for summary judgment was granted to the extent that the claim pursuant to Labor Law § 240 (1) was dismissed.
Background
The accident occurred in a warehouse located at 930 Flushing Avenue in Brooklyn, New York. The warehouse was owned by defendants Merja and 930 Flushing as tenants in common. Joseph Tabak is the sole member of Merja and Robert Wolf is the sole member of 930 Flushing.
Plaintiff was engaged in painting sprinkler pipes at the warehouse. He instructed a coworker to push the scaffold to a different location while he remained atop the scaffold. A wheel of the scaffold came in contact with a piece of wood which caused the scaffold to fall over. Plaintiffs ankle was fractured as a result. Plaintiff filed for and received workers’ compensation benefits for his injuries.
*729 Robert Wolf is the sole member of Read Property. Wolf uses Read Property to manage his real estate interests. Read Property manages the income and expenses, including payroll, of the various properties through the use of individual legal entities. The premises in this case were managed through Flushing Management, LLC. Thus, when plaintiff was working at the premises in this case, his paycheck was issued by Flushing Management. When plaintiff was assigned to work at other properties, his paycheck would be issued by that property’s corresponding legal entity. Tabak and Wolf are the only members of Flushing Management.
Discussion
The Workers’ Compensation Law restricts an employee from suing his or her employer or coemployee for an accidental injury sustained in the course of employment (Workers’ Compensation Law §§ 11, 29). Thus, workers’ compensation is, generally, the exclusive remedy for an on-the-job injury. Although the exclusive remedy doctrine does not prohibit suits against third parties, it is well settled that it may also apply to persons and entities who are not the injured plaintiffs direct employer (Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 358-359 [2007]).
Movants point out that in the stipulation that resolved the workers’ compensation proceeding and in the verified bill of particulars in this case, the plaintiff named Read Property as his employer. Movants argue that this compels a determination that Read Property was plaintiffs employer on the date of his accident. It is not, however, necessary to determine the weight to be given to these admissions because the decision in Fung mandates a determination that Read Property was plaintiffs employer.
In Fung, the Court of Appeals synthesized the existing case law where the exclusive remedy doctrine had been extended and stated that “[e]ssential to all of these decisions is a working relationship with the injured plaintiff sufficient in kind and degree so that the third party, or the third party’s employer, may be deemed plaintiffs employer” (Fung, 9 NY3d at 359). The Court further explained that
“[although no one factor is determinative, a ‘significant’ and ‘weighty feature’ in deciding whether a special employment relationship exists is ‘who controls and directs the manner, details and ultimate result of the employee’s work’ — in other words, who *730 determines ‘all essential, locational and commonly recognizable components of the [employee’s] work relationship’ ” (Fung, 9 NY3d at 359, quoting Thompson v Grumman Aerospace Corp., 78 NY2d 553, 558 [1991]).
Applying these factors to the case at bar, the court finds that Read Property is protected by the exclusivity provisions of the Workers’ Compensation Law. Flushing Management, plaintiffs direct employer, is a shell entity. Its accounting is performed by Read Property’s bookkeeper. The painting project that plaintiff was working on was authorized by Aaron Klein, an employee of Read Property. The job site supervision was provided by Bernard Joseph who, like plaintiff, was paid by the legal entity that corresponded to the property he was working on. Joseph, however, could not perform any work without being directed to by Klein and Read Property. This relationship between Read Property, Flushing Management and plaintiff is such that Read Property must be considered plaintiffs employer for purposes of the exclusivity provisions of the Workers’ Compensation Law.
With respect to Merja and 930 Flushing, analysis yields a different result. Initially, plaintiff has no direct relationship of any sort with Meija or 930 Flushing. There is an indirect relationship in that Tabak and Wolf, the members of Merja and 930 Flushing, are also the members of Flushing Management and Wolf is the sole member of Read Property. However, the relationships between Tabak and Wolf and their respective legal entities are only ownership relationships, not employment relationships. Thus, any actions taken by Tabak and Wolf on behalf of Read Property or Flushing Management cannot be attributed to Merja or 930 Flushing. Furthermore, there is no evidence that Merja or 930 Flushing acted in any manner as plaintiff’s employer. Accordingly, there is no basis for extending the exclusive remedy provisions of the Workers’ Compensation Law to Merja or 930 Flushing.
Conclusion
Based on the foregoing, the defendants Merja, 930 Flushing and Read Property’s motion for summary judgment against the plaintiffs is granted to the extent that the complaint is dismissed only as against Read Property and the motion is otherwise denied.
*731 The motion for summary judgment on the cross claims for common-law and contractual indemnification against defendant F & V is referred to the trial court.