■ RONALD WARNICK, Respondent, v 1211 SOUTHERN BOULEVARD LLC et al., Respondents, and UNIVERSAL CEILING LTD., Appellant. (And a Third-Party Action.) [939 NYS2d 414]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered August 12, 2011, which, to the extent appealed from, denied defendant Universal Ceiling Ltd.'s motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Universal Ceiling (Ceiling) established prima facie that its foreman at the job site, Zbigniew Kulikowski, was a special employee of defendant Universal Contracting Co. (Contracting), the general contractor for the project (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557-558 [1991]). Ceiling and Contracting, while separate entities, share the same president, who testified that Kulikowski was Ceiling's employee and had been lent to Contracting for the project and that Contracting reimbursed Ceiling for the wages Ceiling paid Kulikowski. However, the record does not demonstrate conclusively that Kulikowski was Contracting's special employee. Kulikowski testified that he had been an employee of Contracting for 18 years. Moreover, the invoices in the record do not support the president's statement that Contracting reimbursed Ceiling for Kulikowski's wages for the project. Similarly, the checks payable by Contracting to the drywall and other materials supplier for

the project do not support Ceiling's claim that Contracting paid for those materials. Most significantly, the record does not indicate whether the president was Kulikowski's "boss" as the president of Contracting or the president of Ceiling. Thus, the record does not demonstrate that Contracting "controll[ed] and direct[ed] the manner, details and ultimate result of [Kulikowski's] work" (*see id.* at 558).

In the event it is determined that Kulikowski is not a special employee of Contracting, liability may be imposed upon Ceiling as a statutory agent under the Labor Law since Kulikowski had the requisite authority to supervise and control the work (*see Walls v Turner Constr. Co.*, 4 NY3d 861, 863-864 [2005]; *Nascimento v Bridgehampton Constr. Corp.*, 86 AD3d 189, 192-193 [2011]).

We have considered Ceiling's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Moskowitz, Renwick and Richter, JJ.