■ RUPERT CHARLES, Appellant, v BROAD STREET DEVELOPMENT, LLC, et al., Respondents. [947 NYS2d 518]—

Motion by the respondents Broad Street Development, LLC, and 61 Broadway Owner, LLC, and separate motion by the respondent Schindler Elevator Corp., in effect, for leave to reargue an appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated March 5, 2010, which was determined by decision and order of this Court dated November 15, 2011.

Upon the papers filed in support of the motions and the papers filed in opposition thereto, it is

Ordered that the motion by the respondents Broad Street Development, LLC, and 61 Broadway Owner, LLC, is denied; and it is further,

Ordered that the motion by the respondent Schindler Elevator Corp. is granted, and, upon reargument, the decision and order of this Court dated November 15, 2011 (*Charles v Broad St. Dev., LLC*, 89 AD3d 885 [2011]), is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated March 5, 2010, which denied his motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendants and against him on the issue of liability and for a new trial.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof denying that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside the verdict insofar as it was in favor of the defendants Broad Street Development, LLC, and 61 Broadway Owner, LLC, and against him on the issue of liability, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with one bill of costs payable by the defendants Broad Street Development, LLC, and 61 Broadway Owner, LLC, to the plaintiff, and one bill of costs payable by the plaintiff to the defendant Schindler Elevator Corp., and the matter is remitted to the Supreme Court, Kings County, for a new trial against the defendants Broad Street Development, LLC, and 61 Broadway Owner, LLC.

The plaintiff, who is employed by Guardian Services (hereinafter Guardian), was assigned as a security guard at a building owned and managed by the defendants Broad Street Development, LLC, and 61 Broadway Owner, LLC, respectively (hereinafter together the building defendants). The defendant Schindler Elevator Corp. (hereinafter Schindler) was in charge of repairing and maintaining the elevators at the building. On September 8, 2005, the plaintiff's supervisor at Guardian asked the plaintiff to cover the lobby desk while he took a break. During the break, a cleaner told the plaintiff that he could not open the door to elevator number two. Without consulting the log books that indicated that elevator number two was out of service for repair, the plaintiff used an instrument to unlock the elevator hoistway doors and, having failed to notice that the elevator cab was not there, stepped into the shaft and fell 25 feet to the basement landing.

At trial, the Supreme Court charged the jury with respect to the special employee doctrine, and the jury found that the plaintiff qualified as the building defendants' special employee. The plaintiff then moved pursuant to CPLR 4404 (a) to set

aside the verdict, contending, among other things, that the Supreme Court should have found that he was not the building defendants' special employee as a matter of law. We agree.

"Workers' Compensation Law §§ 11 and 29 (6) provide that the receipt of workers' compensation benefits is the exclusive remedy that a worker may obtain against an employer for losses suffered as a result of an injury sustained in the course of employment" (*Slikas v Cyclone Realty, LLC*, 78 AD3d 144, 150 [2010]; *see Reich v Manhattan Boiler & Equip. Corp.*, 91 NY2d 772, 779 [1998]). "A person may be deemed to have more than one employer for purposes of the Workers' Compensation Law, a general employer and a special employer" (*Schramm v Cold Spring Harbor Lab.*, 17 AD3d 661, 662 [2005]; *see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]). "A special employee is described as one who is transferred for a limited time of whatever duration to the service of another" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d at 557). While a person's categorization as a special employee is usually a question of fact, "the determination of special employment status may be made as a matter of law where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact" (*id.* at 557-558). Although no one factor is decisive in determining whether a special employment relationship exists, a key consideration is the employer's right to direct the work and the degree of control exercised over the employee (*id.* at 558; *see Slikas v Cyclone Realty, LLC*, 78 AD3d at 150).

The evidence presented at trial established, as a matter of law, that the plaintiff was not a special employee of the building defendants. The plaintiff was hired by Guardian, received his paychecks from Guardian, and reported to his supervisor at Guardian rather than the director of operations for the subject building. The director of operations for the subject building testified that the building defendants had no right to tell the plaintiff what to do on a daily basis; instead, Guardian controlled the plaintiff's daily assignments. Furthermore, the director of operations had no control over the hours the plaintiff worked. While the director of operations could recommend that Guardian employees be fired, he could not fire them himself. Moreover, after the plaintiff's accident occurred, it was Guardian's off-site supervisor who prepared the accident report.

In light of this evidence, we find that no special employment relationship existed between the plaintiff and the building defendants, as a matter of law (*see Slikas v Cyclone Realty, LLC*, 78 AD3d at 150; *cf. Thompson v Grumman Aerospace Corp.*, 78 NY2d at 557-558). As a result, it was error for the Supreme

Court to submit this question to the jury. Accordingly, the Supreme Court erred in denying that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict insofar as it was in favor of the building defendants.

The Supreme Court, however, properly denied that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict insofar as it relates to Schindler. The special employee charge did not apply to Schindler, and the plaintiff failed to articulate any other basis to set aside the verdict against that defendant. The contentions regarding Schindler set forth in the plaintiff's reply brief are raised for the first time on appeal, and thus, they are not properly before this Court (*see Yeshiva Chasdei Torah v Dell Equity, LLC*, 90 AD3d 746 [2011]; *Boddie-Willis v Marziliano*, 78 AD3d 978 [2010]).

The matter is therefore remitted to the Supreme Court, Kings County, for a new trial against the building defendants.

In light of our determination, we need not reach the plaintiff's remaining contentions. Skelos, J.P., Hall, Lott and Roman, JJ., concur.