Flanagan v Kajima USA, Inc. (2018 NY Slip Op 05284)





Flanagan v Kajima USA, Inc.


2018 NY Slip Op 05284


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2016-01571
 (Index No. 21349/11)

[*1]Robert Flanagan, appellant, 
v
Kajima USA, Inc., et al., defendants, Kajima Construction Services, Inc., respondent (and a third-party action).


The Law Offices of Edmond C. Chakmakian, P.C., Hauppauge, NY, for appellant.
Keith J. Conway, Melville, NY (Thomas B. Goren of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Pastoressa, J.), dated December 1, 2015. The order, insofar as appealed from, granted the motion of the defendant Kajima Construction Services, Inc., for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for injuries allegedly sustained by him as a result of a workplace accident that occurred on a construction site. Following commencement of the action, the defendant Kajima Construction Services, Inc. (hereinafter Kajima), moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court, inter alia, granted the motion. The plaintiff appeals.
"Workers' Compensation Law §§ 11 and 29(6) provide that the receipt of workers' compensation benefits is the exclusive remedy that a worker may obtain against an employer for losses suffered as a result of an injury sustained in the course of employment" (Slikas v Cyclone Realty, LLC, 78 AD3d 144, 150). "A person may be deemed to have more than one employer for purposes of the Workers' Compensation Law, a general employer and a special employer" (Schramm v Cold Spring Harbor Lab., 17 AD3d 661, 662; see Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557; Bostick v Penske Truck Leasing Co., L.P., 140 AD3d 999, 1000). "A special employee is described as one who is transferred for a limited time of whatever duration to the service of another" (Thompson v Grumman Aerospace Corp. 78 NY2d at 557). While a person's [*2]categorization as a special employee is usually a question of fact, "the determination of special employment status may be made as a matter of law where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact" (id. at 557-558). "Although no one factor is decisive in determining whether a special employment relationship exists, a key consideration is the employer's right to direct the work and the degree of control exercised over the employee" (Charles v Broad St. Dev., LLC, 95 AD3d 814, 816; see Munion v Trustees of Columbia Univ. in City of N.Y., 120 AD3d 779; Digirolomo v Goldstein, 96 AD3d 992, 993).
Here, Kajima made a prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff was its special employee and, thus, was barred by the Worker's Compensation Law from seeking to recover damages for personal injuries against it (see Thompson v Grumman Aerospace Corp., 78 NY2d at 557-558; Graziano v 110 Sand Co., 50 AD3d 635; Olsen v We'll Manage, 214 AD2d 715, 716). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Accordingly, we agree with the Supreme Court's determination granting Kajima's motion for summary judgment dismissing the complaint insofar as asserted against it.
BALKIN, J.P., AUSTIN, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court