Arias v Anjo Mfg. Co., Inc. (2019 NY Slip Op 04766)





Arias v Anjo Mfg. Co., Inc.


2019 NY Slip Op 04766


Decided on June 13, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2019

Friedman, J.P., Richter, Tom, Gesmer, Moulton, JJ.


9610 451990/14

[*1]Pablo Arias, Plaintiff-Respondent,
v
Anjo Manufacturing Co., Inc., Defendant-Appellant.


Cascone & Kluepfel, LLP, Garden City (James K. O'Sullivan of counsel), for appellant.
Ginarte Gonzalez Gallardo & Winograd, LLP, New York (Joel Celso of counsel), for respondent.



Order, Supreme Court, New York County (Robert D. Kalish, J.), entered April 9, 2018, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff fell from a ladder while working in defendant's warehouse facility, and received workers' compensation benefits from his employer, nonparty David Rosen Bakery Supply (DRBS).
Defendant failed to establish prima facie that plaintiff was its special employee (see Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557 [1991]. In particular, the deposition testimony of plaintiff's purported supervisor failed to establish that defendant exerted sufficient direction and control over plaintiff's work (see Thompson, 78 NY2d at 557). The supervisor testified that he did not give plaintiff instructions or check on plaintiff periodically throughout the time plaintiff worked at the warehouse and that he went to the warehouse only once to show plaintiff what needed to be done and did not know about the other work plaintiff was doing. Indeed, he testified that plaintiff went to DRBS's offices every morning to check in and receive his assignments. The supervisor's affidavit appears to have been tailored to avoid the consequences of his earlier testimony, but in any event does not establish the requisite direction and control.
Defendant also failed to establish that it was DRBS's alter ego (see Moses v B & E Lorge Family Trust, 147 AD3d at 1046-1047; Gonzalez v 310 W. 38th, L.L.C., 14 AD3d 464 [1st Dept 2005]; see also Paulino v Lifecare Transp., 57 AD3d 319 [1st Dept 2008]). There is no evidence in the record showing the relationship between the two companies, e.g., payroll records or contracts, or other documents demonstrating that DRBS controlled defendant's day-to-day operations or finances.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 13, 2019
CLERK