19-840-cv
*Reyes v. Crothall Healthcare, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand twenty.

PRESENT:   AMALYA L. KEARSE,
RICHARD J. SULLIVAN,
JOSEPH F. BIANCO,
*Circuit Judges.*

————————————————————————————

Daisy Reyes,

*Plaintiff-Appellant,*

v.                                                                    19-840-cv

Crothall Healthcare, Inc.,

*Defendant-Appellee.*

_____

FOR APPELLANT:                    MICHAEL L. CHARTAN, Great Neck,
                                  NY.

FOR APPELLEE:                     CHARLES C. EBLEN, Robb A. Denney,
                                  Shook, Hardy & Bacon, L.L.P., Kansas
                                  City, MO, William E. Vita,
                                  Westerman Ball Ederer Miller Zucker
                                  & Sharfstein, LLP, Uniondale, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff Daisy Reyes appeals from an order of the United States District Court for the Eastern District of New York (Matsumoto, *J.*) granting summary judgment in favor of Defendant Crothall Healthcare, Inc. ("Crothall") on Reyes's state-law negligence claim. In August 2015, Reyes worked at the Elmhurst Hospital Center as an employee of the New York City Health and Hospitals Corporation ("HHC"), a governmental entity that owned and operated the hospital. One day while at work, Reyes slipped and fell on a wet hospital hallway maintained by hospital "housekeepers" – HHC employees who were trained and

sometimes supervised by Crothall employees pursuant to a management services contract between HHC and Crothall. Reyes sought and obtained workers' compensation as a result of the injuries she sustained from the fall. Nevertheless, she subsequently filed the instant negligence action against Crothall seeking $10 million in damages.[1]

Crothall filed a motion for summary judgment, which the district court granted. In particular, the court held, *inter alia*, that workers' compensation was Reyes's exclusive remedy under New York law. Reyes timely appealed. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review the district court's grant of summary judgment de novo, *see Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 71 (2d Cir. 2019), and will affirm "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). Under New York law, "[t]he right to [workers'] compensation or benefits . . . shall be the

---

[1] Reyes initiated this action in New York state court, but Crothall properly removed it to federal court on the basis of diversity jurisdiction, since Reyes is a New York citizen and Crothall is a Delaware corporation with its principal place of business in Pennsylvania. *See* 28 U.S.C. § 1332(a), (c). We have jurisdiction pursuant to 28 U.S.C. § 1291.

*exclusive remed*y to an employee . . . when such employee is injured . . . by the negligence or wrong of another *in the same employ*." N.Y. Workers' Comp. Law § 29(6) (emphases added) (the "exclusivity bar"). A negligent tortfeasor acting within the scope of his or her employment is deemed to be "in the same employ" as the injured party if they both have the same employer. *Lane v. Flack*, 425 N.Y.S.2d 648, 649–50 (App. Div. 3d Dep't 1980), *aff'd*, 52 N.Y.2d 856 (1981); *see also Maines v. Cronomer Valley Fire Dep't, Inc.*, 50 N.Y.2d 535, 543 (1980).

In addition, New York law recognizes that two employers may share the same employee. *See Thompson v. Grumman Aerospace Corp.*, 78 N.Y.2d 553, 557 (1991). As the New York Court of Appeals has explained, "a general employee of one employer may also be in the special employ of another, notwithstanding the general employer's responsibility for payment of wages and for maintaining workers' compensation and other employee benefits." *Id.* A special employment relationship may exist where an employee "is transferred for a limited time of whatever duration to the service of another." *Id.* Nevertheless, the "[g]eneral employment is presumed to continue," and such a presumption may be overcome only "upon clear demonstration of surrender of control by the general employer and assumption of control by the special employer." *Id.*

4

Here, Reyes principally argues that there are triable issues of fact concerning whether HHC transferred control of its housekeepers to Crothall such that the housekeepers – including the allegedly negligent housekeeper responsible for the wet floor on the day of the accident – were no longer general employees of HHC, and thus no longer "in the same employ" as Reyes for purposes of the exclusivity bar. We are not persuaded. Even assuming that Crothall's provision of equipment, training, and management services was sufficient to create a special employment relationship between itself and the housekeepers, there can be no genuine dispute that HHC retained ultimate control over these employees. Notably, HHC continued to pay housekeepers their salaries and benefits, possessed the exclusive right to make final decisions on discipline and termination, and required Crothall housekeeping supervisors to comply with HHC policies at all times. *See, e.g.*, *Spencer v. Crothall Healthcare, Inc.*, 834 N.Y.S.2d 194, 196 (App. Div. 2d Dep't 2007) (holding, on summary judgment, that "the hospital did not surrender control of the employees as it paid their wages, provided them with workers' compensation insurance, and made the final decision to hire, discipline, or fire them"). Because the housekeepers thus remained general employees of HHC, they were "in the same employ" as Reyes,

5

who concedes that she was an HHC employee at the time of the accident. N.Y. Workers' Comp. Law § 29(6). Her exclusive remedy was therefore workers' compensation.

We have considered all of Reyes's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court