Rodriguez v 27-11 49th Ave. Realty, LLC (2023 NY Slip Op 06763)

Rodriguez v 27-11 49th Ave. Realty, LLC

2023 NY Slip Op 06763

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2021-07150
 (Index No. 500579/18)

[*1]Tomas Rodriguez, appellant, 
v
27-11 49th Avenue Realty, LLC, et al., respondents.

Pellegrini & Associates LLC, New York, NY (Frank Pellegrini of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Nicholas P. Calabria of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated September 22, 2021. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Mana Products, Inc.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendants, 27-11 49th Avenue Realty, LLC, and Mana Products, Inc. (hereinafter Mana), to recover damages for personal injuries that he alleged he sustained when he slipped and fell in a factory owned by 27-11 49th Avenue Realty, LLC, and operated by Mana. The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against Mana on the ground that the complaint insofar as asserted against Mana was barred by the exclusivity provisions of the Workers' Compensation Law (see id. §§ 11[1], 29[6]) because the plaintiff was Mana's special employee. In an order dated September 22, 2021, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Mana. The plaintiff appeals.
"The protection against lawsuits brought by injured workers which is afforded to employers by Workers' Compensation Law §§ 11 and 29(6) also extends to special employers" (Mauro v Zorn Realties, Inc., 206 AD3d 645, 647; see Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 357-358). "[A] general employee of one employer may also be in the special employ of another, notwithstanding the general employer's responsibility for payment of wages and for maintaining workers' compensation and other employee benefits" (Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557). "A special employee is described as one who is transferred for a limited time of whatever duration to the service of another" (id. at 557). "General employment is presumed to continue, but this presumption is overcome upon clear demonstration of surrender of control by the general employer and assumption of control by the special employer" (id.).
While "a person's categorization as a special employee is usually a question of fact" [*2](id.), "the determination of special employment status may be made as a matter of law where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact" (id. at 557-558). "'Many factors are weighed in deciding whether a special employment relationship exists, and generally no single one is decisive . . . Principal factors include who has the right to control the employee's work, who is responsible for the payment of wages and the furnishing of equipment, who has the right to discharge the employee, and whether the work being performed was in furtherance of the special employer's or the general employer's business . . . The most significant factor is who controls and directs the manner, details, and ultimate result of the employee's work'" (Chiloyan v Chiloyan, 170 AD3d 943, 945, quoting Munion v Trustees of Columbia Univ. in City of N.Y., 120 AD3d 779, 780).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against Mana by submitting, inter alia, the plaintiff's deposition testimony that Mana controlled and directed the manner and details of his work (see Thompson v Grumman Aerospace Corp., 78 NY2d at 556; Chiloyan v Chiloyan, 170 AD3d at 945). Contrary to the plaintiff's contention, the deposition testimony of a senior recruiter for the plaintiff's general employer, which the defendants submitted in support of their motion, did not raise a triable issue of fact (see Thompson v Grumman Aerospace Corp., 78 NY2d at 559). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Mana.
DUFFY, J.P., MALTESE, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court