■ In the Matter of CENTRAL SAVINGS BANK, Appellant, v FASHODA, INC., Respondent. — Appeal from a judgment of the County Court of Saratoga County (Brown, J.), entered March 11, 1982, in a submission of a controversy upon an agreed statement of facts pursuant to CPLR 3222. Pursuant to RPAPL article 7, petitioner brought this proceeding to recover possession of real property and rent due from July 10, 1980 through February 28, 1981. The controversy was submitted upon an agreed statement of facts pursuant to CPLR 3222. By lease dated May 11, 1974, respondent Fashoda, Inc., agreed to lease space from Burnt Hills Association (Association) for a monthly rent of $593.67 plus monthly maintenance charges of $31.33. Defendant also delivered to Association a security deposit in the sum of $1,781 which was later reduced to $1,187.33. Thereafter, by letter dated March 11, 1977, from a duly authorized agent of Association, the rent for the period February 1, 1977 to July 31, 1977, was modified to $300 per month. This rate was later extended by letter dated July 14, 1977 to October 31, 1977, at which time it was to be reviewed again. The reduced rent continued to be paid to the landlords through October, 1980, without protest. In July of 1980, the property was sold to petitioner. The November and December, 1980 rent checks of $300 were returned as inadequate and not according to the lease. The lease contained no oral modification clause relied upon by petitioner. The parties have agreed that if petitioner is successful in this action it would recover $3,049.68 from respondent for rent due in accordance with the lease from November, 1980 through May, 1981, and rental payments thereafter would be in accordance with the lease. County Court determined that the reduction of the rent by the two letters constituted a valid modification of the lease until October, 1977, and, thereafter, under the doctrine of part performance, the rent remained so modified. The court also determined that petitioner held a security deposit for respondent. This appeal ensued. While the two letters in question constituted a valid modification of the lease until October, 1977, we are unable to agree with County Court that thereafter, under the doctrine of part performance, the rent remained modified during the remaining term of the lease. Respondent argues that since the rent was modified until October, 1977, when it was to be reviewed, we must infer from the actions of the parties that they had orally agreed to continue the modification. Such an unwritten or oral agreement is not binding pursuant to the specific language of the lease. Furthermore,

neither is the contention of part performance a valid one. To be effective, the doctrine of part performance applies only when the modification is fully executed (*Rose v Spa Realty Assoc.*, 42 NY2d 338, 344). Such is not the situation here as the lease is for 10 years. Since respondent's landlords accepted the reduced rent until October, 1980, the oral modification of the lease was executed and binding to that date (*Auswin Realty Corp.v Kirschbaum*, 270 App Div 334, 336-337). Therefore, petitioner is entitled to recover the rent as stated in the lease from November, 1980 through May, 1981. We now pass to the security deposit issue and it is conceded that the deposit has never been returned to respondent nor was it ever delivered to petitioner by Association. Furthermore, a reading of the lease does not demonstrate that the deposit was to be applied to the rent as argued by respondent. Consequently, petitioner has no liability to defendant for the security deposit (see 34 NY Jur, Landlord and Tenant, §§ 341-342, pp 178-180). Accordingly, the judgment must be reversed. Judgment reversed, on the law, without costs, and petition granted to the extent that judgment is granted to petitioner in the amount of $3,049.68. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.