■ ROBERT S. BLACK, Bronx Public Administrator, as Administrator of the Estate of FERNANDO ZAMBRANA, Deceased, Appellant, v REBECCA LOOMIS, Defendant, and KRAMER PHARMACY, Respondent. [654 NYS2d 19] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered December 28, 1995, which granted defendant-respondent's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

While plaintiff is correct in noting that the plaintiff in a wrongful death action is not held to as high a degree of proof as the plaintiff in a personal injury action (*Noseworthy v City of New York*, 298 NY 76), plaintiff is still obliged to provide some proof from which negligence could reasonably be inferred (*see, Wright v New York City Hous. Auth.*, 208 AD2d 327). Here, plaintiff's opposition consists mainly of a repetition of the allegations contained in the complaint—namely that the decedent had fallen down a set of stairs in a building owned and operated by defendant Kramer, and that this fall was caused by defendant's negligence. Such is not sufficient opposition to defendant's motion for summary judgment (*see, Abish v Cetta*, 155 AD2d 495), for only the existence of a *bona fide* issue raised by evidentiary facts "and not one based on conclusory or irrelevant allegations will suffice to defeat summary judgment" (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231). Concur—Milonas, J. P., Ellerin, Tom and Andrias, JJ.