■ JOZEF KARCZEWICZ, Appellant, v 473 OWNERS CORP., Respondent. [708 NYS2d 10] —Order, Supreme Court, New York County (Jane Solomon, J.), entered March 18, 1999, which, in an action for personal injuries sustained by plaintiff while performing maintenance work for defendant residential cooperative corporation, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In support of its defense that plaintiff was its employee and that the action is therefore barred by the exclusivity provisions of the Workers' Compensation Law, defendant submitted three affidavits, from its president, building superintendent and managing agent. Such affidavits were all based on personal knowledge, and stated that plaintiff was an employee of defendant when he sustained his injury, and that defendant hired plaintiff, had the exclusive authority to fire him, supervised and controlled his work and paid him. These affidavits were sufficient to establish defendant's prima facie entitlement to judgment as a matter of law. In opposition, plaintiff did not offer an affidavit of his own, but only two documents attached to his attorney's affirmation, an earnings statement from "Melohn Payroll Account," and correspondence from the Workers' Compensation Board advising plaintiff of the pendency of his workers' compensation claim, apparently for the same injury for which he sues herein, and listing "Melohn Payroll Account" as plaintiff's employer. These unsworn documents are insufficient to raise a triable issue of fact as to whether defendant was plaintiff's employer (*see, Rue v Stokes*, 191 AD2d 245, 246-247; *Insurance Co. v Gottlieb*, 186 AD2d 470), and, in any event, are not inconsistent with defendant's affidavits, which established that Melohn Properties, Inc. is defendant's managing agent's employer, that Melohn Properties provides payroll services for defendant, and that the payroll is fully funded by, and therefore plaintiff was fully paid by, defendant. In addition, plaintiff fails to address defendant's evidence that it hired plaintiff, retained the exclusive right to fire him and supervised and controlled his work (*see, Thompson v Grumman Aerospace*

*Corp.*, 78 NY2d 553; *Maldonado v Canac Intl.*, 258 AD2d 415). Concur—Sullivan, P. J., Rosenberger, Ellerin and Friedman, JJ.