■ MICHAEL HILL, Appellant, v WARNER BROTHERS, INC., et al., Respondents. [715 NYS2d 56] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered April 7, 1999, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff failed to raise a triable issue of fact concerning his status as a special employee of defendant By Any Means Necessary Cinema (BAMN), notwithstanding his concurrent status as a general employee of IDC Services, which provided payroll services for BAMN, and thus his personal injury action is barred by the Workers' Compensation Law (*see, Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557-559). The uncontroverted evidence establishes that defendants Spike Lee, Marvin Worth, Monty Ross, Jon Kulik also known as Jon Kilik, and Preston Holmes were all co-employees of plaintiff, which precludes an action against them (*see,* Workers' Compensation Law § 29 [6]; *Marange v Slivinski*, 257 AD2d 427). The undisputed evidence also indicates that neither defendant

Warner Brothers, Inc. nor defendant Forty Acres & A Mule Film Works took any part in the production of the film on which plaintiff was working when allegedly injured, and that defendant Palace Fried Chicken was located too far from the accident site to have contributed to the accident's cause. There is no evidence to support a finding of negligence on the part of defendant John Catsimatides. Concur—Nardelli, J. P., Tom, Lerner, Buckley and Friedman, JJ.