■ NICOLAE GHERGHINOIU et al., Respondents, v ATCO PROPERTIES & MANAGEMENT, INC., Appellant. [821 NYS2d 25]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered February 23, 2005, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff Gherghinoiu seeks to recover against defendant for personal injuries sustained while working at a premises owned by his employer, Hemmerdinger Corporation. Hemmerdinger employees allegedly performed, inter alia, construction, alteration, demolition and repair work at the premises under the supervision of defendant, which alleges that it is the managing agent of the property, an alter ego of Hemmerdinger, and this plaintiff's special employer. Having previously recovered from Hemmerdinger for these injuries pursuant to the Workers' Compensation Law, he now seeks recovery from defendant under Labor Law §§ 200, 240 (1) and § 241 (6).

Defendant was entitled to summary judgment since it made the requisite prima facie showing that Gherghinoiu was its

special employee, who was unable to demonstrate the existence of any triable issue of material fact. The affidavit of Leonard Bernacke, treasurer of both defendant and Hemmerdinger Corporation, established, among other things, that Gherghinoiu and the other maintenance workers, though listed as employees of Hemmerdinger, were directed and controlled on a daily basis by defendant's employees and executives, who had the exclusive right to hire and fire them at this job site; that the highest position within Hemmerdinger, other than the directors and officers, was foreman, whose duties entailed supervising plaintiff and the other maintenance workers and who received daily direction from defendant concerning the duties, projects and tasks that the maintenance workers were to perform; that the payroll and all other operating expenses of the two entities were paid from a single, joint bank account; and that defendant and Hemmerdinger were issued a single workers' compensation policy and paid a single insurance premium for it.

Such affidavit, based on personal knowledge, was competent to satisfy defendant's burden as the proponent of summary judgment (*Karczewicz v 473 Owners Corp.*, 272 AD2d 137 [2000]) as well as factually sufficient here to establish that defendant was Gherghinoiu's special employer (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557-558 [1991] [control and direction of the manner, details and ultimate result of employee's work is "significant and weighty" in determining existence of a special employment relationship]; *Ramnarine v Memorial Ctr. for Cancer & Allied Diseases*, 281 AD2d 218, 219 [2001]; *Karczewicz*, 272 AD2d 137 [2000], *supra*). Gherghinoiu's affidavit failed to refute defendant's contentions and was not inconsistent with them. For example, he admitted that defendant's employees controlled the Hemmerdinger employees at the premises where he worked, directing them to perform maintenance and repairs and subsequently ascertaining that such work was satisfactorily done. Moreover, the assertions that Gherghinoiu, who was in no position to have personal knowledge of the entities' corporate relationship, was unaware of the nature of defendant's connection with Hemmerdinger and never considered himself an employee of defendant or consented to a special employment relationship, are essentially irrelevant here (*see Black v Loomis*, 236 AD2d 338 [1997]).

Hemmerdinger and defendant were issued a single, valid, workers' compensation insurance policy that insured both entities. Inasmuch as plaintiff was defendant's special employee, receiving benefits under said policy, his claims against defendant are barred under Workers' Compensation Law §§ 11 and 29 (6) (*see Thompson*, 78 NY2d at 560).

In view of the foregoing, defendant's remaining contentions are academic. Concur—Friedman, J.P., Sullivan, Williams, Sweeny and McGuire, JJ.