■ JUAN AYALA, JR., Respondent, v MUTUAL HOUSING ASSOCIATION, INC., Respondent. ROBERT E. HILL, INC., Defendant and Third-Party Plaintiff-Appellant, v NORMANDY REPAIRS, INC., Third-Party Defendant-Respondent. [822 NYS2d 262]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered June 29, 2005, which, to the extent appealed from, denied defendant Robert E. Hill, Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant Robert E. Hill, Inc. dismissing the complaint as against it.

The record establishes that plaintiff was employed by defendant Mutual Housing Association, Inc. (MHA) as a porter at its premises at 3850 Sedgwick Avenue, was paid by MHA, was injured in the course of his employment, and was covered by MHA's workers' compensation insurance policy. Furthermore, the moving defendant was MHA's managing agent at the premises, whose employee directed, supervised and controlled the daily work duties of plaintiff, his immediate supervisor and the other employees. Hence, MHA surrendered control and supervision of the daily operation of the premises to the moving defendant which, as a matter of law, may be deemed plaintiff's special employer (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557-558 [1991]), and is thus shielded from liability here by general employer MHA's workers' compensation policy (*see id.* at 560; Workers' Compensation Law §§ 11, 29 [6]). Concur—Buckley, P.J., Saxe, Williams, Sweeny and Malone, JJ.