■ Angel Villanueva, Respondent, v Southeast Grand Street Guild Housing Development Fund Company, Inc., et al., Defendants, and Residential Management Associates, Inc., Appellant. [829 NYS2d 459]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered April 10, 2006, which denied defendant Residential Management Associates, Inc.'s (Residential) motion for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of Residential dismissing the complaint as against it.

Plaintiff testified at his deposition that he worked for a company he had come to know as "Grand Street" and allegedly sustained injuries when he fell from a ladder while painting at 410 Grand Street, New York, New York (the Premises) on the morning of August 19, 2002. Plaintiff ultimately received workers' compensation benefits for the injuries.

When an employee elects to receive workers' compensation benefits from his general employer, a special employer is shielded from any action at law commenced by the employee (*see* Workers' Compensation Law § 29 [6]; *Thompson v Grumman Aerospace Corp.*, 78 NY2d 553 [1991]). A special employee is defined as "one who is transferred for a limited time of whatever duration to the service of another" (*Thompson*, 78 NY2d at 557). A key factor in determining whether a special employment relationship exists is "who controls and directs the manner, details and ultimate result of the employee's work" (*id.* at 558). Although "a person's categorization as a special employee is usually a question of fact," the determination may be made as a matter of law "where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact" (*id.* at 557-558).

Although it is not clear that Residential had the exclusive right to hire and fire plaintiff (*cf. Gherghinoiu v ATCO Props. & Mgt., Inc.*, 32 AD3d 314 [2006], *lv denied* 7 NY3d 716 [2006]), Residential made the requisite prima facie showing that it controlled and directed the manner, details and ultimate result of plaintiff's work.

Plaintiff correctly observes that the management agreement between Residential and nonparty Grand Street Guild HDFC did not explicitly state that maintenance employees like plaintiff were to be employees of Residential and would be hired, paid, supervised and discharged by Residential. Rather, the agreement applied only to managing personnel, a group in which plaintiff was not included. However, since plaintiff was not a party to the agreement and the agreement did "not purport to define or resolve the issue of [plaintiff's] *special* employment status," it was not determinative on the issue of whether plaintiff was a special employee of Residential (*see Thompson*, 78 NY2d at 559-560).

In any event, the affidavit of Residential's President, John Cameron, established that it was exclusively responsible for the maintenance and repair of the premises. "Such [an] affidavit, based on personal knowledge, was competent to satisfy defendant's burden as the proponent of summary judgment" (*Gherghinoiu*, 32 AD3d at 315). Further, Mr. Cameron testified that he supervised maintenance employees and the superintendent and manager at the premises. Moreover, under the management agreement, the premises' superintendent and manager would have been considered Residential's employees. Thus, because plaintiff testified that he was supervised by the superintendent of the premises at the time of the accident, and John Cameron

stated that he supervised the superintendent and that he had the authority to correct painting that was performed in an unsafe manner, Residential established that plaintiff was directed and controlled on a daily basis by Residential's employees and executives.

Plaintiff's argument that the management agreement was not in effect at the time of the accident is without merit. Although the management agreement remained in effect for a period of two years beginning on April 1, 1995, it automatically renewed for additional one-year terms unless terminated under the provisions of the agreement. Because there was no evidence that the agreement terminated, it presumably was in effect at the time of the accident.

Furthermore, it is of no consequence that Mr. Cameron repeatedly testified that plaintiff was an employee of nonparty Grand Street Guild HDFC, not Residential, since "a general employee of one employer may also be in the special employ of another, notwithstanding the general employer's responsibility for payment of wages and for maintaining workers' compensation and other employee benefits" (*Thompson*, 78 NY2d at 557).

Moreover, in opposition to Residential's motion, plaintiff did not offer an affidavit of his own, but merely resubmitted documents he submitted in support of his own motion (*see Karczewicz v 473 Owners Corp.*, 272 AD2d 137 [2000]). Those documents failed to raise a triable issue of fact as to whether plaintiff was a "special employee" of Residential.

Finally, plaintiff testified that he received workers' compensation. Although it is not clear from the record who provided the benefits, Residential asserts that the owner of the premises paid plaintiff. Because plaintiff has failed to refute Residential's contention, his claim against Residential was barred because of the exclusive workers' compensation benefits he received from his general employer (*see Thompson*, 78 NY2d at 555).

We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Friedman, J.P., Sullivan, Nardelli, Catterson and McGuire, JJ.