■ GILBERT MARTINEZ, Respondent, v FIFTY TWO WEST SEVENTY SEVENTH STREET CORP., Defendant, and ST. LUKE'S-ROOSEVELT HOSPITAL et al., Appellants. [833 NYS2d 209]—

In an action to recover damages for personal injuries, the defendants St. Luke's-Roosevelt Hospital and West Care Medical Associates appeal from an order of the Supreme Court, Kings County (Douglass, J.), dated January 12, 2006, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that order is reversed, on the law, with costs, and the motion of the defendants St. Luke's-Roosevelt Hospital and West Care Medical Associates for summary judgment dismissing the complaint insofar as asserted against them is granted.

The plaintiff allegedly was injured on February 11, 2001 when he fell off a ladder while painting a room at the facility of the defendant West Care Medical Associates (hereinafter West Care), a department of the defendant St. Luke's-Roosevelt Hospital (hereinafter St. Luke's). SLR Management Services, Inc. (hereinafter SLR), provided payroll services to West Care's support staff. SLR was the plaintiff's general employer, issued his paychecks from funds supplied by St. Luke's, and provided him with workers' compensation insurance, through a policy issued in SLR's name and paid for by St. Luke's.

The plaintiff was hired and supervised by Anthony Nasser, an

employee of St. Luke's. Nasser also had the authority to discipline and fire the plaintiff. The painting equipment used by the plaintiff was also supplied by St. Luke's.

Based on the foregoing facts, West Care and St. Luke's moved for summary judgment dismissing the complaint insofar as asserted against them on the ground, inter alia, that the plaintiff was their special employee, and that his action was therefore barred by the exclusivity provisions of the Workers' Compensation Law (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]). The Supreme Court denied the motion. We reverse.

The movants tendered competent evidence demonstrating that the plaintiff was their special employee, thus establishing their prima facie entitlement to judgment as a matter of law (*see Gherghinoiu v ATCO Props. & Mgt., Inc.*, 32 AD3d 314 [2006]; *Ribeiro v Dynamic Painting Corp.*, 23 AD3d 795 [2005]; *Hill v Warner Bros.*, 277 AD2d 10 [2000]; *Abuso v Mack Trucks*, 174 AD2d 590 [1991]; *cf. Karczewicz v 473 Owners Corp.*, 272 AD2d 137 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact.

In light of our determination, we do not reach the appellants' remaining contentions. Prudenti, P.J., Fisher, Carni and McCarthy, JJ., concur.