■ LUCILLO GOMEZ, Respondent, v PENMARK REALTY CORP., Appellant. [857 NYS2d 93]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered March 12, 2007, which, in an action for personal injuries

sustained by plaintiff while performing his duties as superintendent of a building managed by defendant, sua sponte denied as untimely defendant's motion for summary judgment dismissing the complaint on the basis of the exclusivity provisions of the Workers' Compensation Law, and sua sponte struck defendant's affirmative defense based on the Workers' Compensation Law, unanimously reversed, on the law, without costs, the affirmative defense reinstated, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

The motion, which was made within 120 days as required by CPLR 3212 (a), should not have been denied as untimely based on Justice Saks's part rules imposing a 60-day limit where the case had not previously been before Justice Saks but a different judge whose part rules made no provision for the timing of summary judgment motions, and it does not appear that defendant could have known of the assignment to Justice Saks until after the 60 days had run. Nor should the workers' compensation defense have been stricken because defendant had previously made and withdrawn a motion for summary judgment based on that defense. The parties' stipulation withdrawing the motion shows that plaintiff agreed to the withdrawal, and does not show that defendant agreed not to make the motion again or conceded lack of merit to the workers' compensation defense. On the merits, the record establishes that although, as the Workers' Compensation Board ruled, plaintiff was the building owner's employee, plaintiff was interviewed and hired by defendant, his paychecks were signed by defendant, and his daily activities were comprehensively and exclusively supervised by an employee of defendant, establishing, as a matter of law, that defendant was plaintiff's special employer, and thus defendant is shielded from this action by the exclusivity provisions of the Workers' Compensation Law (see Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557-559, 560 [1991]; Ayala v Mutual Hous. Assn., Inc., 33 AD3d 343 [2006]; Villanueva v Southeast Grand St. Guild Hous. Dev. Fund Co., Inc., 37 AD3d 155 [2007]). Concur—Tom, J.P., Mazzarelli, Andrias and Williams, JJ.