■ TIRSO VINCENTE, Appellant, v SILVERSTEIN PROPERTIES, INC., et al., Respondents. SILVERSTEIN PROPERTIES, INC., Third-Party Plaintiff-Respondent, v AMERICAN BUILDING MAINTENANCE CO. OF NEW YORK, Sued Herein as AMERICAN BUILDING MAINTENANCE COMPANY, Third-Party Defendant-Respondent. [922 NYS2d 45]—

Judgment, Supreme Court, Bronx County (John A. Barone, J.), entered September 17, 2009, dismissing the complaint pursuant to an order, same court and Justice, entered March 6, 2009, which, upon reargument, adhered to its prior order, entered May 22, 2008, granting defendants' motion for summary judgment, unanimously affirmed, without costs. Appeal from the May 22, 2008 order, unanimously dismissed, without costs, as academic.

In this personal injury action, plaintiff was defendants' special employee, which entitled defendants to rely on the exclusive remedy provisions of the Workers' Compensation Law (*see* Workers' Compensation Law §§ 11, 29 [6]; *see also Villanueva v Southeast Grand St. Guild Hous. Dev. Fund Co., Inc.*, 37 AD3d 155 [2007]). "A key factor in determining whether a special employment relationship exists is who controls and directs the

manner, details and ultimate result of the employee's work" (*id.* at 156 [citation and internal quotation marks omitted]). The evidence established that defendants, the owner and property manager of the work site, supervised, directed and controlled plaintiff's work (*see e.g. Ayala v Mutual Hous. Assn., Inc.*, 33 AD3d 343 [2006]; *Duque v Pace Univ.*, 308 AD2d 422 [2003], *lv dismissed* 14 NY3d 903 [2010]; *Lane v Fisher Park Lane Co.*, 276 AD2d 136, 139-140 [2000]).

We reject plaintiff's contention that the evidence failed to establish that he was a special employee of the "River Place" defendants. Pursuant to the plain language of section 3.2 of defendants' property management agreement, the supervisory staff of the defendant property manager were also employees of the defendant owner, thus, plaintiff's work on the premises was exclusively directed by employees of both entities.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Renwick, DeGrasse, Freedman and Richter, JJ.