■ R.J. HYLAND, INC., et al., Respondents, v LOVE FAMILY SPORTS, LLC, et al., Appellants. [959 NYS2d 225]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Walker, J.), entered April 12, 2012, as denied those branches of their motion which were for partial summary judgment limiting the damages to be recovered on the first cause of action to a maximum of $27,000, plus accrued interest since January 15, 2002, summary judgment dismissing the second cause of action

or, in the alternative, for partial summary judgment limiting the damages to be recovered on the second cause of action to a maximum of $27,000, plus accrued interest since January 15, 2002, summary judgment dismissing the third and fourth causes of action, summary judgment dismissing the complaint insofar as asserted against the defendants Love Realty Management Corp. and Love Management Corp., and summary judgment dismissing the complaint insofar as asserted by the plaintiff Robert Hyland.

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof denying those branches of the defendants' motion which were for partial summary judgment limiting the damages to be recovered on the first and second causes of action to a maximum of $27,000, plus accrued interest since January 15, 2002, and substituting therefor provisions granting those branches of the motion, (2) by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Love Realty Management Corp. and Love Management Corp., and substituting therefor a provision granting that branch of the motion, (3) by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Robert Hyland, and substituting therefor a provision granting that branch of the motion, and (4) by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the fourth cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In 1980, the plaintiff Robert Hyland entered into a commercial lease with nonparty Melbrook Realty Co., Inc. (hereinafter Melbrook), to operate a bar/restaurant at certain commercial premises. Robert Hyland was the tenant under the lease and Melbrook was the landlord. Robert Hyland subsequently assigned his interest in the lease to the plaintiff R.J. Hyland, Inc. (hereinafter R.J. Hyland). Pursuant to the lease, the tenant was obligated to make a security deposit in the total sum of $27,000, which was to be placed into an interest-bearing account. It is undisputed that a security deposit in the sum of $27,000 was made, and that Melbrook placed the security deposit into interest bearing accounts.

In 2001, the lease was assigned by Melbrook to the defendant Love Family Sports, LLC (hereinafter Love Family), which also

purchased the subject property. The security deposit in the sum of $27,000 was transferred to Love Family by Melbrook. Although Love Family and R.J. Hyland entered into a new lease, which did not require the security deposit to be placed into an interest-bearing account, by letter dated January 15, 2002, Robert Hyland, as the president of R.J. Hyland, exercised his right to terminate the new lease and reinstate the original lease. When the lease term expired, R.J. Hyland terminated the lease and surrendered possession of the premises. R.J. Hyland then demanded the return of the security deposit plus the accrued interest. Love Family, however, returned only a portion of the security deposit.

Robert Hyland and R.J. Hyland (hereinafter together the plaintiffs) commenced this action against the defendants Love Family, Love Realty Management Corp. (hereinafter Love Realty), and Love Management Corp. (hereinafter Love Management), alleging, inter alia, breach of contract (the first cause of action) and violations of the General Obligations Law (the second cause of action). The plaintiffs also sought a judicial accounting (the third cause of action) and the award of an attorney's fee (the fourth cause of action). The defendants moved, inter alia, for partial summary judgment limiting the damages to be recovered on the first cause of action to a maximum of $27,000, plus accrued interest since January 15, 2002, for summary judgment dismissing the second cause of action or, in the alternative, for partial summary judgment limiting the damages to be recovered on the second cause of action to a maximum of $27,000, plus accrued interest since January 15, 2002, for summary judgment dismissing the third and fourth causes of action, for summary judgment dismissing the complaint insofar as asserted against Love Realty and Love Management, and for summary judgment dismissing the complaint insofar as asserted by Robert Hyland. The Supreme Court denied the motion, stating that the defendants' motion was untimely, and "is denied on that basis alone." The court also stated, with respect to the merits of the motion, that there were unresolved material issues of fact.

The Supreme Court erred in denying the defendants' motion on the ground that it was untimely. The Supreme Court concluded that the motion was untimely because it was filed more than 30 days after the filing of the note of issue, which was the time period set forth in Justice Walker's part rules that were in effect at the time of the motion. However, the trial readiness order, which was signed by Justice Lefkowitz, provided that motions for summary judgment must be served within 60

days of the filing of the note of issue. The note of issue was filed on July 21, 2011, and the defendants' motion was filed within the 60 day period. Prior to the defendants' motion, the case had not been before Justice Walker, and it does not appear that the defendants could have known of any assignment to Justice Walker until after the 30 day period had run. Under these circumstances, the defendants should not be held to Justice Walker's part rules with respect to the time period for filing motions for summary judgment. Since the defendants filed their motion within the 60-day time period provided in the trial readiness order, their motion was timely (*see Gomez v Penmark Realty Corp.*, 50 AD3d 607, 608 [2008]).

The Supreme Court also erred in denying that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by Robert Hyland. The defendants met their prima facie burden of establishing their entitlement to judgment as a matter of law by demonstrating that the lease was assigned by Robert Hyland to R.J. Hyland. Thus, the defendants demonstrated, prima facie, that Robert Hyland was not a party to the lease and had no right to recover the security deposit plus accrued interest (*see 150 Broadway N.Y. Assoc., L.P. v Bodner*, 14 AD3d 1, 7-9 [2004]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by Robert Hyland.

The defendants also met their prima facie burden of establishing their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against Love Realty and Love Management by demonstrating that those entities are not parties to the lease. In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against those defendants (*see id.* at 7-9).

Furthermore, the Supreme Court erred in denying those branches of the defendants' motion which were for partial summary judgment limiting the damages to be recovered on the first and second causes of action to a maximum of $27,000, plus accrued interest since January 15, 2002. The defendants demonstrated, prima facie, that only the $27,000 security deposit was transferred from Melbrook to Love Family at the time of the assignment of the lease in 2001, and that no accrued interest was conveyed to Love Family by Melbrook. Since Love Family, as a successor landlord, cannot be held liable for the return

of security deposit funds that were not transferred to it by Melbrook, the original landlord (*see Matter of Central Sav. Bank v Fashoda*, 94 AD2d 927 [1983], *affd* 62 NY2d 721 [1984]), the defendants met their prima facie burden of demonstrating their entitlement to judgment as a matter of law limiting the damages to be recovered on the first and second causes of action to a maximum of $27,000, plus accrued interest since January 15, 2002, the date Robert Hyland reinstated the original lease and placed an obligation on Love Family to keep the security deposit in an interest bearing account (*see Metro Sports Sales v Spenco Med. Corp.*, 252 AD2d 484 [1998]).

In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the Supreme Court's determination, the correspondence in the record between Love Family's real estate counsel and Melbrook's counsel does not reveal a triable issue of fact as to whether Melbrook actually conveyed the accrued interest to Love Family. Rather, the correspondence reveals that it was Love Family's real estate counsel who sent a bank check in the sum of $75,000 to Melbrook, not the other way around. Thus, this correspondence is insufficient to raise a triable issue of fact as to whether Love Family received funds in excess of the $27,000 security deposit that was transferred to it by Melbrook.

However, since the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the second cause of action, the Supreme Court properly denied that branch of the defendants' motion, without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court also properly denied that branch of the defendants' motion which was for summary judgment dismissing the third cause of action, which sought a judicial accounting. Contrary to the defendants' contention, that cause of action was not barred by the statute of limitations, as the action was commenced within six years of the date the cause of action accrued (*see* CPLR 213; *Bernstein v La Rue*, 120 AD2d 476, 477 [1986]). Since the defendants failed to meet their prima facie burden of establishing their entitlement to judgment as a matter of law, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the third cause of action, without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853).

However, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment

dismissing the fourth cause of action, which sought the award of an attorney's fee. As a general rule, an attorney's fee may not be recovered by the prevailing party, unless authorized by agreement between the parties or by statute or court rule (*see Matter of A.G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5 [1986]; *Cier Indus. Co. v Hessen*, 136 AD2d 145, 148 [1988]). The defendants met their prima facie burden of establishing their entitlement to judgment as a matter of law dismissing the fourth cause of action by demonstrating that there was no contractual or statutory provision obligating them to pay the plaintiffs an attorney's fee (*see Neighborhood Hous. Servs. of N.Y. City, Inc. v Hawkins*, 97 AD3d 554, 554 [2012]). The plaintiffs failed to raise a triable issue of fact in opposition.

*The defendants' remaining contentions are without merit.* Dillon, J.P., Balkin, Chambers and Hall, JJ., concur.