■ MICHAEL MCMAHON et al., Appellants, v COHEN BROTHERS REALTY CORP., Respondent. [51 NYS3d 882]—

Order, Supreme Court, New York County (Robert D. Kalish, J.), entered November 30, 2015, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant established prima facie that the injured plaintiff was its special employee and therefore this action is barred by the workers' compensation law's exclusivity provision (*see* Workers' Compensation Law §§ 11, 29 [6]; *Thompson v Grumman Aerospace Corp.*, 78 NY2d 553 [1991]). The comprehensive

property management agreement between defendant and plaintiff's general employer (the property owner) provided that the maintenance and repair of the building resided exclusively with defendant. Defendant interviewed and hired plaintiff, whose work as an engineer was in furtherance of defendant's operation and maintenance of the building, and defendant had the authority to terminate plaintiff's employment, which it ultimately exercised. Defendant provided plaintiff with the materials and equipment he needed to perform his work, and directed, supervised and controlled plaintiff's work (*see e.g. Vincente v Silverstein Props., Inc.*, 83 AD3d 586 [1st Dept 2011], *lv denied* 17 NY3d 710 [2011]).

In opposition, plaintiff failed to raise an issue of fact with his employment checks showing the general employer as the payor and his employment termination notice showing the general employer as his employer (*see e.g. Villanueva v Southeast Grand St. Guild Hous. Dev. Fund Co., Inc.*, 37 AD3d 155, 157 [1st Dept 2007]). Plaintiff offered no evidence to controvert defendant's showing that it hired him and controlled, supervised, and otherwise dictated all facets of his work in the building (*see id.* at 156).

In view of the foregoing, we do not reach plaintiff's remaining arguments. Concur—Friedman, J.P., Moskowitz, Manzanet-Daniels, Kapnick and Webber, JJ.