Reyes v Roman Catholic Church of St. Raymond (2020 NY Slip Op 01290)





Reyes v Roman Catholic Church of St. Raymond


2020 NY Slip Op 01290


Decided on February 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 25, 2020

Friedman, J.P., Richter, Webber, Singh, JJ.


11113 36410/17E

[*1] Felipe Reyes, Plaintiff-Respondent-Appellant,
v
The Roman Catholic Church of St. Raymond doing business as St. Raymond Academy for Girls, Defendant-Appellant-Respondent.
The Roman Catholic Church of St. Raymond doing business as St. Raymond Academy for Girls, Third-Party Plaintiff-Appellant-Respondent,
v
ABM Janitorial Services-Northeast, Inc., Third-Party Defendant-Respondent.


Rivkin Radler LLP, Uniondale (J'Naia L. Boyd of counsel), for appellant-respondent.
Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for respondent-appellant.
Jeffrey Samel & Partners, New York (Robert G. Spevack of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered March 8, 2019, which, to the extent appealed from as limited by the briefs, granted the part of defendant The Roman Catholic Church of St. Raymond (St. Raymond)'s motion seeking summary judgment dismissing the Labor Law § 240(1) claim and denied the part seeking summary judgment on the third-party contractual indemnification claim, unanimously affirmed, without costs.
The evidence demonstrates that plaintiff was St. Raymond's special employee. Although plaintiff was employed by third-party defendant ABM Janitorial Services-Northeast, Inc. (ABM), St. Raymond's facilities manager supervised, directed and controlled plaintiff's work, and his work was completed solely for the benefit of St. Raymond (see Vincente v Silverstein Props., Inc., 83 AD3d 586, 587 [1st Dept 2011], lv denied 17 NY3d 710 [2011]). Accordingly, plaintiff's claim against St. Raymond is barred by Workers' Compensation Law § 29(6) (see Villanueva v Southeast Grand St. Guild Hous. Dev. Fund Co., Inc., 37 AD3d 155, 157 [1st Dept 2007]).
The court properly denied St. Raymond's motion for summary judgment on the third-party indemnification claim. An issue of fact remains as to whether plaintiff's injury was caused by the negligence, misconduct or other fault of ABM, its agents or employees, as required by the indemnification provision of the contract.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 25, 2020
CLERK