Alfani v Rivercross Tenants Corp. (2020 NY Slip Op 03994)





Alfani v Rivercross Tenants Corp.


2020 NY Slip Op 03994


Decided on July 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2020

Gische, J.P., Kapnick, Webber, Kern, González, JJ.


160032/15 11834NA 11834N

[*1] Vincent Alfani, et al., Plaintiffs-Appellants,
v
Rivercross Tenants Corporation, et al., Defendants-Respondents.


Reingold & Tucker, Brooklyn (Abraham Reingold of counsel), for appellants.
Goldberg Segalla LLP, White Plains (Michael P. Kandler of counsel), for Rivercross Tenants Corporation, respondent.
Hoffman Roth & Matlin, LLP, New York (William Matlin of counsel), for Roosevelt Island Visual Art Association, Inc., respondent.
Babchik & Young LLP, White Plains (Matthew C. Mann of counsel), for Hudson Related Retail, LLC, respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered October 12, 2018, which, inter alia, granted the motions of defendants Rivercross Tenants Corp. (Rivercross), Hudson Related Retail, LLC (Hudson) and Roosevelt Island Visual Art Association, Inc. (RIVAA) for summary judgment dismissing the complaint, unanimously modified, on the law, to deny the motion of Rivercross, and otherwise affirmed, without costs. Order, same court and Justice, entered January 2, 2019, which denied plaintiffs' motion to reargue (denominated a motion to renew and reargue), unanimously dismissed, without costs, as taken from a nonappealable order.
Plaintiff Vincent Alfani alleges that he fell as a result of uneven brick pavers in the sidewalk adjoining two buildings on Roosevelt Island. Rivercross, Hudson, and RIVAA all demonstrated prima facie through admissible evidence that they did not own that area of the sidewalk, did not create the defect in the brickwork, and were not obligated by contract or otherwise to maintain or repair the sidewalk (see Karczewicz v 473 Owners Corp., 272 AD2d 137 [1st Dept 2000]).
In opposition, plaintiffs did not submit any evidence sufficient to raise an issue of fact as to Hudson or RIVAA. However, as to Rivercross, plaintiffs referred to and quoted from Rivercross's ground lease with the New York State Urban Development Corp. (UDC), which purportedly required Rivercross to "take good care" of the premises, including "all sidewalks . . . and curbs in front of or adjacent to the leased premises" and to "make all repairs . . . interior and exterior, structural and non-structural . . . to keep the same in good and safe order and condition." The existence of such an agreement would contradict the representations by Rivercross's manager and president that there was no agreement, oral or written, requiring it to maintain that area. Accordingly, Rivercross's motion should have been denied to permit plaintiffs an opportunity to obtain discovery concerning the nature of the relationship between Rivercross and nonparty Roosevelt Island Operation Corporation (RIOC), the entity that in 2011, through an assignment, received UDC's rights under the ground lease, and their respective obligations for the premises and sidewalk (see CPLR 3212[f]).
Plaintiffs' motion denominated as one for leave to renew and reargue was not based on new facts unavailable at the time of defendants' motion, and was therefore a motion to reargue, [*2]the denial of which is not appealable (see Matter of Pettus v Board of Directors, 155 AD3d 485 [1st Dept 2017], lv denied 31 NY3d 1113 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 16, 2020
CLERK