Alfani v Rivercross Tenants Corp. (2024 NY Slip Op 04514)

Alfani v Rivercross Tenants Corp.

2024 NY Slip Op 04514

Decided on September 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 24, 2024

Before: Webber, J.P., Moulton, Friedman, González, Mendez, JJ. 

Index No. 160032/15 Appeal No. 2217 Case No. 2023-03043 

[*1]Vincent Alfani et al., Appellants,
v
Rivercross Tenants Corporation, Respondent, Roosevelt Island Visual Art Association, Inc. et al., Defendants.

Jordan W. Tucker, Brooklyn, for appellants.
Goldberg Segalla LLP, White Plains (Michael P. Kandler of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered May 11, 2023, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Rivercross Tenants Corporation for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff Vincent Alfani alleges that he tripped and fell on uneven brick pavers on the sidewalk adjoining a building on land leased by nonparty the City of New York to nonparty Roosevelt Island Operating Corporation (RIOC) and subleased by RIOC to defendant Rivercross. On the previous appeal in this action, we reversed Supreme Court's grant of summary judgment to Rivercross based solely on provisions of the sublease between RIOC and Rivercross obligating the latter to maintain and repair sidewalks adjacent to the leased premises (Alfani v Rivercross Tenants Corp., 185 AD3d 493, 493 [1st Dept 2020]). We held that although Rivercross had demonstrated its prima facie entitlement to dismissal of the complaint, the contractual language brought to our attention by plaintiffs in opposition to the motion raised a triable issue as to Rivercross's potential liability. We therefore modified to deny Rivercross's summary judgment motion "to permit plaintiffs an opportunity to obtain discovery concerning the nature of the relationship between Rivercross and [RIOC] . . . and their respective obligations for the premises and the sidewalk" (id.). Upon remand, after the parties engaged in additional discovery, Rivercross made a second motion for summary judgment, which the court granted. Upon plaintiffs' appeal, we affirm.
Initially, as we determined on the previous appeal, the record contains no evidence that Rivercross created or exacerbated the defect in the brickwork on which plaintiff allegedly tripped. Neither is there any evidence that Rivercross made a special use of the sidewalk (cf. LaRosa v Corner Locations, II, L.P., 169 AD3d 512, 513 [1st Dept 2019]). Accordingly, on this record, the only potential basis for imposing liability on Rivercross — as a party that was not in privity with plaintiff and did not own or possess the location where plaintiff was injured — is the third prong of Espinal v Melville Snow Contrs. (98 NY2d 136 [2002]), namely, a situation in which "[a] contracting party [here, Rivercross] has entirely displaced the other party's duty to maintain the premises safely" (id. at 140). Here, the "other party" that had the duty to maintain the sidewalk, absent any displacement by Rivercross, is the owner of the premises adjoining the sidewalk (see Administrative Code of City of NY § 7-210).[FN1]
On the previous appeal, we held that the provisions of Rivercross's sublease obligating it to maintain and repair the sidewalk adjoining its leasehold raised the possibility that Rivercross's duty extended to third parties such as plaintiff. However, we did not hold that a duty to third parties could be based solely on the sublease provisions concerning [*2]the sidewalk. Rather, we directed that there be further discovery "concerning the nature of the relationship between Rivercross and [RIOC] . . . and their respective obligations for the premises and the sidewalk" (Alfani, 185 AD3d at 493). Such discovery having now been conducted, the present record establishes — as plaintiffs concede in their appellate brief — that "RIOC, not Rivercross, commissioned and/or performed all necessary repairs to the sidewalk at issue." Stated otherwise, notwithstanding the provisions of Rivercross's sublease with respect to the sidewalk, the fact is that RIOC, either directly or through contractors that RIOC engaged, actually conducted all operations to maintain and repair the sidewalk.
Given that, at all relevant times, the subject sidewalk was in fact maintained and repaired by RIOC, not by Rivercross, as a matter of law, it cannot be said that the provisions of Rivercross's sublease "entirely displaced" (Espinal, 98 NY3d at 140) RIOC's role in maintaining the sidewalk so as to make a stranger to the sublease, such as plaintiff, a beneficiary of the duties that Rivercross assumed thereunder. The terms of a lease imposing duties on the tenant with respect to an adjoining sidewalk constitutes some evidence of possible displacement by the tenant of the landowner's duty under Administrative Code § 7-210, but the lease is not sufficient, by itself, to establish that such displacement actually took place. To determine whether displacement occurred, the lease must be viewed in the context of the parties' actual course of conduct (see Healy v 169 E. 69th St. Corp., 189 AD3d 680, 680 [1st Dept 2020] [a sublease that required the sublessee "to make all repairs and replacements to the sidewalk" created "an issue of fact as to whether (the sublessee's) obligation to make repairs displaced [(the owner's]) statutory duty to maintain the sidewalk"]; cf. Gronski v County of Monroe, 18 NY3d 374, 380-381 [2011] [in determining whether an out-of-possession landowner's duty of care with respect to the condition of the premises has been extinguished, "we look not only to the terms of the (lease) agreement but to the parties' course of conduct . . . to determine whether the landowner in fact surrendered control over the property"]; Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579, 588 [1994] [reaffirming that "a contractual obligation, standing alone, in the ordinary case will not extend duties beyond the contracting parties," and noting that any "legal duty" running from a contracting party to a stranger to the contract "is not created solely by the contract but is imposed on a defendant for additional reasons" (internal quotation marks omitted)]).
Under Gronski and Palka, if Rivercross owed any duty to plaintiff, the source of that duty would not have been the sublease (to which plaintiff was a stranger) by itself but the sublease combined with course of conduct of the parties thereto in effectuating its provisions to shift the duty [*3]with regard to the sidewalk from the landowner to Rivercross.[FN2] However, as previously noted, the record establishes, and plaintiffs do not dispute, that, notwithstanding the terms of the sublease, RIOC actually conducted all operations for the maintenance and repair of the sidewalk, without any involvement by Rivercross. The dormant terms of the sublease, by themselves, are not sufficient to extend Rivercross's sidewalk duties to RIOC thereunder to the general public (see Choudhry v Starbucks Corp., 213 AD3d 521, 522-523 [1st Dept 2023] ["even if Starbucks had an obligation to repair the sidewalk under the lease, . . . that would not have imposed on Starbucks a duty to plaintiff, a third party to the agreement"]; Collado v Cruz, 81 AD3d 542, 542 [1st Dept 2011] ["Provisions of a lease obligating a tenant to repair the sidewalk do not impose on the tenant a duty to a third party"]). Accordingly, Rivercross is entitled to summary judgment dismissing the complaint.[FN3]
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 24, 2024

Footnotes

Footnote 1: Since neither RIOC nor the City of New York is a party to this action, we need not determine which of those parties, as "the owner of real property abutting" the subject sidewalk, was obligated to maintain the sidewalk under § 7-210.

Footnote 2: Indeed, if the relevant terms of the sublease — which were before us on the previous appeal — were, by themselves, sufficient to establish the displacement of the landowner's duty, it would have been appropriate, upon the previous appeal, to grant plaintiffs summary judgment against Rivercross on a search of the record rather than to send the matter back to Supreme Court for further discovery.

Footnote 3: It should be emphasized that we are not holding that, as between the parties thereto, the written sublease could be amended orally or through the parties' course of conduct. Rather, the issue on this appeal is whether Rivercross's relevant duties under the sublease extended beyond the sublessor to members of the general public, such as plaintiff.