McGregor v Manhattan Nursing Home Realty, Inc. (2025 NY Slip Op 05773)

McGregor v Manhattan Nursing Home Realty, Inc.

2025 NY Slip Op 05773

Decided on October 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 21, 2025

Before: Webber, J.P., Friedman, Kapnick, Shulman, Hagler, JJ. 

Index No. 158715/21|Appeal No. 4990|Case No. 2025-01240|

[*1]Taniqua McGregor, Plaintiff-Appellant,
v
Manhattan Nursing Home Realty, Inc., et al., Defendants-Respondents.

Law Offices of John P. Grill, PC, Carmel (John Grill of counsel), for appellant.
Caitlin Robin & Associates, PLLC, New York (Emma J. Wiegand of counsel), for respondents.

Order, Supreme Court, New York County (David B. Cohen, J.), entered February 19, 2025, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross-motion for summary judgment on the issue of liability, unanimously affirmed, without costs.
Plaintiff was injured while working as a security guard at defendants' nursing home, where she slipped and fell on a puddle of hand sanitizer in the building lobby. Defendants established, prima facie, that plaintiff was their "special employee" at the time of the accident, and thus her claims were barred pursuant to the exclusivity provisions of the Worker's Compensation Law (see Thompson v Grumman Aerospace Corp., 78 NY2d 553, 560 [1991]; Workers' Compensation Law §§ 11, 29[6]). Although plaintiff was formally employed and paid by a nonparty security service contracting agency, she had worked exclusively at defendants' facility for five years on a full-time basis before the accident, received on-site training from defendants, reported to defendants' supervisor on site, and used communication equipment provided by defendants (see Thompson, 78 NY2d at 558; Mohammed v St. Barnabas Hosp., 177 AD3d 509, 510 [1st Dept 2019]). It is not dispositive that defendants did not have the right to discipline or fire plaintiff (see Villanueva v Southeast Grand St. Guild Hous. Dev. Fund Co., Inc., 37 AD3d 155, 156 [1st Dept 2007]).
In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff's affidavit, in which she stated that she reported directly to her general employer rather than to defendants, clearly contradicted her deposition testimony, in which she testified that her direct supervisor was defendants' head of security. Accordingly, plaintiff's affidavit is insufficient to defeat summary judgment and can only be considered to have been tailored to avoid the consequences of her earlier testimony (see Phillips v Bronx Lebanon Hosp., 268 AD2d 318, 320 [1st Dept 2000]).
Plaintiff's contention that defendants deemed her statement of facts admitted by failing to submit their own statement of facts or respond to hers is unavailing. Former Uniform Rules for Trial Courts (22 NYCRR) § 202.8-g (repealed by Admin Order of Chief Admin Judge of Cts AO/103/2025) did not impose mandatory requirements, and the court here did not direct the parties to submit such statements (see Churchill Owners Corp. v Kent, 223 AD3d 558, 559 [1st Dept 2024]).
In view of the foregoing, plaintiff's cross-motion for summary judgment was properly denied.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2025