Jackson v Laconia Nursing Home, Inc. (2026 NY Slip Op 00423)

Jackson v Laconia Nursing Home, Inc.

2026 NY Slip Op 00423

Decided on January 29, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 29, 2026

Before: Scarpulla, J.P., Kapnick, González, Shulman, O'Neill Levy, JJ. 

Index No. 31977/19|Appeal No. 5704|Case No. 2025-05358|

[*1]Anna Victoria Dell Jackson, Plaintiff-Appellant,
vLaconia Nursing Home, Inc., et al., Defendants-Respondents.

Hasapidis Law Offices, Scarsdale (Annette G. Hasapidis of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson (Nicholas P. Calabria of counsel), for respondents.

Order, Supreme Court, Bronx County (Marissa Soto, J.), entered on or about September 5, 2025, which, to the extent appealed from, granted the motion of defendant Laconia Nursing Home, Inc. for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Supreme Court properly granted summary judgment to Laconia on the basis that plaintiff was its special employee (see Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557-558 [1991]; Workers' Compensation Law §§ 11, 29[6]). Laconia satisfied its prima facie burden by proffering the contract between Laconia and nonparty Towne Nursing Staff, Inc., the agency that employed plaintiff. The agreement provided that Towne's nurses were required to abide by all of Laconia's policies and procedures, that Laconia "retain[ed] professional and administrative responsibility for services rendered by" Towne's nurses, and that Laconia was responsible for plaintiff's nursing work and had the sole discretion to determine if a Towne nurse provided insufficient services and to remove such nurses from work at its facility. Further, Laconia submitted deposition testimony which established that Towne surrendered control over plaintiff's work and required plaintiff to resolve work-related issues with Laconia staff, that Laconia provided plaintiff with the tools and equipment to perform the work, that plaintiff performed the work for Laconia's benefit and pursuant to the medical records provided by Laconia, and that a Laconia registered nurse was in charge of supervising plaintiff (see McGregor v Manhattan Nursing Home Realty, Inc., 242 AD3d 584, 584-585 [1st Dept 2025]; Villanueva v Southeast Grand St. Guild Hous. Dev. Fund Co., Inc., 37 AD3d 155, 156-157 [1st Dept 2007]).
Plaintiff's argument that the testimony of Laconia's director was based on hearsay is meritless. The testimony was based on the director's review of the agreement, which he signed, in contrast to cases such as Filippidis v Multi-Pak Corp. (206 AD3d 526, 527 [1st Dept 2022]), relied on by plaintiff, in which there was no agreement in place at the time of the accident and the witness proffered to establish that the plaintiff was a special employee had no personal knowledge of the parties' relationships and respective responsibilities.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 29, 2026